UNITED STATES ex rel. TAYLOR v. CLARK.

(District Court, D. Alaska. March 30, 1896.)

1. INFORMATION IN DISBARMENT.
   In disbarment proceedings, based upon a criminal conviction of the attorney, the information must set out the offense of which the attorney was convicted.

2. CONVICTION OF MISDEMEANOR.
   Where the conviction is of a misdemeanor, the offense must be one involving moral turpitude, as provided by section 1047, p. 691, Hill's Code, and the information must so aver. Following State v. Bannon (Or.) 42 Pac. 869.

3. DEFECTIVE INFORMATION.
   Although courts possess the inherent power to purge the bar, an order of disbarment, rendered upon an information which is fatally defective, will be set aside.

(Syllabus by the Court.)

This was a petition to vacate an order of disbarment.

Burton E. Bennett, U. S. Atty.

Willoughby Clark, in pro. per.

DELANEY, District Judge. This is an application on the part of the defendant to vacate an order of disbarment entered against him in November, 1892. The application is supported by a majority of the resident members of the bar, who have signed a petition to the court in the defendant's behalf. The proceedings in disbarment were instituted on the motion of the court, and were commenced by an information filed on the 23d day of November, 1892. The information charges that the defendant, being an attorney of this court, had theretofore been indicted, tried, and convicted of larceny as a bailee, by appropriating to his own use certain lawful

money of the United States, belonging to another, which had come into the hands of the defendant as bailee. The information further states that after such conviction he was punished by a fine of $60. Upon this information an order of perpetual disbarment was entered against the defendant on the 23d day of November, 1892. The proceedings in the criminal trial are, of course, not subject to review, and this inquiry must be directed to the disbarment proceedings only. In pursuing the inquiry, however, the Criminal Statutes of Oregon must necessarily pass under consideration so far as they relate to the offense upon which the order of disbarment is grounded. By these statutes (Hill's Code, p. 913, § 1771) it is provided that any bailee who wrongfully converts to his own use the money or property of another, delivered or intrusted to his care or control, shall be deemed guilty of larceny, and punished accordingly. The offense here stated is generally called "embezzlement," and was not known at common law. Its first appearance is in St. 21 Hen. VIII. c. 7, which makes the conversion of property of a master by a servant embezzlement. This statute has undergone an immense amount of legislative patchwork, both in England and this country, until finally the offense of conversion or embezzlement by a bailee has been evolved which the Code of Oregon declares to be larceny, and punishable as such. The Code continues in principle the grades of larceny known at common law as grand and petit, and makes the former a felony and the latter a misdemeanor. Hill's Code, p. 910, § 1763. From the punishment stated in the information to have been inflicted on the defendant in the criminal trial, the conviction, laid as the ground of disbarment, appears to have been of the lesser offense of misdemeanor.

The disbarment proceedings were brought under paragraph 1, § 1047, p. 691, Hill's Code, which provides that an attorney may be suspended or removed "upon his being convicted of any felony, or of a misdemeanor involving moral turpitude." It is patent upon the face of this statute that, while conviction of any felony will authorize disbarment, conviction of any misdemeanor will not. In the case of a misdemeanor, it must be one involving moral turpitude, and the information to disbar must so state. Moral turpitude is a material ingredient, if not the gravamen, of the misdemeanor of which the attorney must have been convicted before he can be disbarred under the paragraph of the statute cited, and an information in disbarment proceedings, which fails to set out that the conviction relied upon to disbar was a felony, or a misdemeanor involving moral turpitude, is fatally defective. The rules of pleading, both civil and criminal, are to this effect. The most critical examination of the information in this case fails to disclose any such averment, and, consequently, no valid order or judgment can be based upon it. This question is not now an open one in this court, as this construction has been placed upon the paragraph mentioned by the supreme court of Oregon in the case of State v. Bannon, reported in 42 Pac. 869. In that case the information for disbarment as filed by the attorney general alleged that the defendant Bannon, an attorney of that court, was indicted, tried, and convicted

in the district court of the United States for the district of Oregon of the crime of conspiracy in confederating and combining with others to commit an offense against the United States by unlawfully aiding and abetting the landing of Chinese laborers not lawfully entitled to enter therein. After citation served, the defendant appeared, and demurred to the information on the ground that it did not state that the crime of which he was convicted was a felony, or a misdemeanor involving moral turpitude. The court sustained the demurrer in the following language:

"The information charges the defendant with having been convicted of a misdemeanor, but does not state that any moral turpitude was involved in the unlawful agreement, or in any act of the conspirators resulting therefrom. It is not every misdemeanor that authorizes the suspension or removal of an attorney, but only those that involve moral turpitude. This is a material averment in pleading the conviction of a misdemeanor, without which the information fails to state a cause sufficient to give this court jurisdiction, and hence the demurrer must be sustained." Id.

It is proper to state here that this decision was rendered on the 23d day of December last, and therefore the judge presiding in this court at the time of the disbarment proceedings could not have had the benefit of it. The decision, however, disposes of this case.

In addition to the provisions of the act of congress of May 17, 1884, extending the laws of Oregon to this district, the rule is now universal in the United States courts that the decisions of the court of last resort in any state upon the statute law of such state will be followed by the federal courts; and, while this application is addressed to the discretion of the court, and is in the nature of an appeal for clemency, upon the record in the disbarment proceedings, and under the Oregon case above cited, there is no room for the exercise of any discretion whatever. The law determines the matter. The order of disbarment is void coram non judice, and the petitioner is entitled to have it vacated as a matter of legal right.

The court does not desire to intimate what course might have been pursued were the matter of disbarment now here in the first instance, nor what conclusions might have been reached if this application were open to the exercise of a discretion, further than to remark that transactions, on the part of attorneys, of the character of those alleged against this defendant in the criminal trial, cannot be tolerated. Independent of any statutory provisions, and without any criminal conviction, courts possess the inherent power to purge the bar of members who are guilty of unprofessional conduct, or who are so devoid of moral character as to render them unfit to participate in the administration of justice; and this court will not hesitate to use that power without fear or favor, should occasion demand it. It is hoped, however, that no case of this character will ever again arise in this court. Attorneys should never forget that the profession of the law is the noblest one to which the intellect of man has ever devoted itself. And I trust the gentlemen of the bar, who are here to aid the court in laying the foundations of the legal jurisprudence of this new country, will set for themselves a high standard of professional conduct, and that

all will, to some degree, at least, seek to emulate the examples set by the illustrious men of the profession whose names now comprise a long and brilliant list in the history of the bar of England and the United States, and whose lives have shed imperishable luster upon the profession of the law wherever the English tongue is spoken. They who follow their lights cannot go astray. For reasons of law stated, the order of disbarment is set aside.