## GREAT NORTHERN RAILWAY COMPANY *v.* GALBREATH CATTLE COMPANY ET AL.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF MONTANA

No. 138.   Argued January 15, 1926.—Decided April 19, 1926.

1. Where a petition for removal is based on diverse citizenship and also on the ground that the suit arises under federal law, the case is removable if either ground be well taken.   P. 101.

2. Where the removal papers are well grounded, it is error for the state court to deny the petition and proceed further with the case.   *Id.*

3. An action against a railroad by one who was owner, consignor and consignee of cattle shipped in, partly by another railroad, from another State on a through bill of lading governed by the Carmack Amendment, for damage resulting from defendant's failure to unload them, while in transit, for rest, water, and feeding, as required by the Act of Congress (34 Stat. 607), is a suit arising under the laws of the United States.   P. 102.

4. A suit by a citizen of the State where it is brought and a citizen of another State, against a citizen of a third State, is a suit between

citizens of different States in the sense of Jud. Code, § 24, defining the general jurisdiction of the District Courts, and, the other requisites being present, is removable by the defendant to that court from a state court. Jud. Code, § 28. P. 102.

66 Mont. 198; 71 *id.* 56, reversed.

CERTIORARI to a judgment of the Supreme Court of Montana affirming a judgment against the Railway Company in an action for damages to a shipment of cattle.

*Mr. I. Parker Veazey, Jr.,* with whom *Mr. F. G. Dorety* was on the brief, for petitioner.

*Mr. Samuel Herrick,* with whom *Mr. E. E. Enterline* was on the brief, for respondents.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This was an action begun in a state court in Montana to recover for injuries to cattle shipped by railroad in interstate commerce.

In due time the defendant presented a verified petition, accompanied by a proper bond with good and sufficient surety, for the removal of the case into the federal district court for Montana; but the state court denied the petition, accorded the defendant an exception, and proceeded to the disposal of the case on the merits. After a trial it gave judgment for the plaintiffs, which the Supreme Court of the State affirmed after a part of the damages awarded was remitted. 66 Mont. 198; 71 Mont. 56; Montana Rev. Code, 1921, § 9748. The case is here on writ of certiorari.

One of the rulings assigned for error in the Supreme Court of the State was the denial of the petition for removal; but that court held that the case was not removable and sustained the ruling. It was to review the decision on this point that certiorari was granted.

The material allegations of the plaintiffs' complaint were to the following effect: One of the plaintiffs is a corporate citizen of Montana and the other is an individual citizen of Wyoming; while the defendant is a corporate citizen of Minnesota. The cattle were shipped from Cody, Wyoming, to Seville, Montana, on a through bill of lading over two connecting lines of railroad, the second being owned and operated by the defendant. The plaintiffs owned the cattle, were both consignors and consignees of the shipment and were the lawful holders of the bill of lading. The cattle were injured while in transit over the defendant's road by the defendant's action in unreasonably delaying and carelessly handling them and wrongfully omitting to unload them, when necessary, in a humane manner into properly equipped pens for rest, water and feeding—the resulting damages to the plaintiffs being upwards of $30,000.

The petition for removal, besides showing the presence of the requisite jurisdictional amount and the defendant's non-residence in the State where sued, asserted a right of removal on two grounds; first, that the case was one arising under the laws of the United States, particularly those applying to the shipment of cattle by railroad in interstate commerce; and, secondly, that the case was between citizens of different States.

If either ground was well taken the case was removable, Judicial Code, § 28; *General Investment Co.* v. *Lake Shore & Michigan Southern Ry. Co.*, 260 U. S. 261, 271, *et seq.; Lee* v. *Chesapeake & Ohio Ry. Co.*, 260 U. S. 653, and the state court erred in denying the petition and proceeding further with the case, Judicial Code, § 29; *New Orleans, Mobile and Texas R. R. Co.* v. *Mississippi*, 102 U. S. 135, 141; *National Steamship Company* v. *Tugman*, 106 U. S. 118, 122.

Whether the first ground was well taken is to be determined from the plaintiffs' statement in the complaint

of their cause of action. According to that statement the cause of action was for injuries to cattle resulting from the defendant's negligent and wrongful non-performance of duties devolving on it as a second and connecting carrier while the cattle were being transported over its road on a through bill of lading—including the duty to unload them for needed rest, water and feeding. The bill of lading was issued under a law of Congress, Carmack Amendment, c. 3591, § 7, 34 Stat. 593, 595, and governed the entire transportation—that over the defendant's line as well as that over the line of the initial carrier, *Missouri, Kansas & Texas Ry. Co.* v. *Ward,* 244 U. S. 383, 387. And the carriers' duties in respect of unloading the cattle " in a humane manner into properly equipped pens for rest, water and feeding " were prescribed by a law of Congress, c. 3594, 34 Stat. 607. So it is apparent that the case stated in the complaint was one arising under the laws of the United States. *Cincinnati, etc., Ry. Co.* v. *Rankin,* 241 U. S. 319, 326; *St. Louis, etc., Ry. Co.* v. *Starbird,* 243 U. S. 592, 595; *Southern Pacific Co.* v. *Stewart,* 245 U. S. 359; *ibid.* 562; same case, 248 U. S. 446. And see *Macon Grocery Co.* v. *Atlantic Coast Line R. R. Co.,* 215 U. S. 501, 507.

It also is apparent from the complaint and the petition for removal that the case was one between citizens of different States in the sense of the statute defining the general jurisdiction of the federal district courts, Judicial Code, § 24. The words of that statute are, " shall have original jurisdiction . . . of all suits of a civil nature . . . where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and . . . is between citizens of different States." This was such a case. The amount in controversy exceeded the requirement, and the plaintiffs were citizens of States other than the one of which the defendant was a citizen. *Sweeney* v. *Carter Oil Co.,* 199 U. S. 252, 256.

And as the case was begun in a court of a State of which the defendant was a nonresident, it came plainly within the provision for the removal of cases on the ground of diverse citizenship, Judicial Code, § 28.   In concluding otherwise the state courts conceived that they were following *Smith* v. *Lyon,* 133 U. S. 315, and *Camp* v. *Gress,* 250 U. S. 308.   But they misapprehended the question involved in those cases.   Both were begun in a federal court, and both were recognized as falling within the general jurisdiction of those courts.   The question in each was one of venue—whether the case could be maintained in the court of a particular district against the defendant's objection.   That question was answered in the negative.   In *Camp* v. *Gress* the Court was careful to point out the difference in purpose and operation between the statutory provision defining the general jurisdiction of the federal district courts and the provision dealing with venue. And in *General Investment Co.* v. *Lake Shore & Michigan Southern Ry. Co., supra,* and *Lee* v. *Chesapeake & Ohio Ry. Co., supra,* this Court again pointed out that difference, and also that the venue provision respecting suits begun in those courts has no application to suits removed into them from state courts.   The difference between the original removal statute of 1789, c. 29, § 12, 1 Stat. 79, to which the state courts gave some attention, and the present statute was shown in the last paragraph of the opinion in *Lee* v. *Chesapeake & Ohio Ry. Co., supra,* and does not call for further comment here.

We are of opinion that the state court of first instance should have given effect to the petition for removal and have declined to proceed further in the case and that the appellate court should have reversed the judgment with a direction that that be done.

*Judgment reversed.*