**BLEASE et al. v. SAFETY TRANSIT CO.**
**No. 3137.**

Circuit Court of Appeals, Fourth Circuit.
June 17, 1931.

Pinckney L. Cain and Cordie Page, both of Columbia, S. C. (John M. Daniel, J. Ivey Humphrey, and Thomas & Lumpkin, all of Columbia, S. C., on the brief), for appellants.

P. F. Henderson, of Aiken, S. C. (Edgar A. Brown and Brown & Bush, all of Barnwell, S. C., and Hendersons & Salley, of Aiken, S. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

PARKER, Circuit Judge.

The Safety Transit Company, a North Carolina corporation, is engaged in operating a bus line between Washington, D. C., and Miami, Fla., through the state of South Carolina. On November 26th it applied to the railroad commission of South Carolina for a certificate of public convenience and necessity authorizing it to render motor bus service in interstate and intrastate commerce in and through the state of South Carolina over and along the public highways of that state. The commission denied the application for the certificate; and the transit company, thereupon, abandoned all effort to operate in intrastate commerce but continued to operate in interstate commerce. The members of the commission then instituted this suit in the Supreme Court of South Carolina and secured a temporary restraining order enjoining the transit company from operating any of its buses over the roads of the state. The suit was removed by the transit company into the court below, where the restraining order was modified so as to permit the operation of buses in interstate as distinguished from intrastate commerce. At the final hearing of the cause, upon its appearing that defendant was not attempting to operate its buses in intrastate commerce, the court dissolved the restraining order and dismissed the bill, and complainants have appealed.

No question is raised as to any failure on the part of defendant to comply with the tax laws or police regulations of the state. On the contrary, it appears that it has complied or offered to comply with all of these. The questions presented are: (1) Whether the defendant had the right to remove the case into the federal court; and (2) if so, whether the complainants were entitled to enjoin defendant from operating its buses in interstate commerce because it had been refused a certificate of public convenience and necessity by complainants. We think that the court below correctly answered both of these questions in favor of defendant.

Defendant contends that it had the right to remove the case both on the ground of diversity of citizenship and because the case presented was one arising under the Constitution of the United States. As to the first ground, the suit was instituted by the members of the railroad commission, not as individuals, but in their official capacity. It appears, however, that the relief sought would inure, not to the benefit of the state as an artificial person (Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 390, 14 S. Ct. 1047, 38 L. Ed. 1014), but to those interested in operating buses over the roads of the state. It is in effect a suit to enforce the order of the railroad commission with respect to the use of the roads by competing bus lines. The persons interested are complainant and competing bus lines and the public which patronizes them. The state of South Carolina has no interest in the litigation except the governmental interest of compelling obedience to the legal order of its officials and in securing compliance with its laws. "But such general governmental interest is not that which makes the state, as an organized political community, a party in interest in the litigation." Missouri, etc., Ry. Co. v. Missouri Railroad & Warehouse Commissioners, 183 U. S. 53, 60, 22 S. Ct. 18, 21, 46 L. Ed. 78.

But, even if the state be considered the real party in interest, the right of removal would nevertheless exist, because the case is one arising under the Constitution of the United States, the point presented being the right of a state to require a bus line engaged in interstate commerce to obtain, as a condition of carrying on such commerce, a certificate of public convenience and necessity. It is well settled that a suit arising under the Constitution or laws of the United States is removable, even though it be brought by one of the states. Ames v. Kansas, 111 U. S. 449, 4 S. Ct. 437, 28 L. Ed. 482. And we think that there can be no question that the suit here is one so arising.

A case is said to arise under the Constitution and laws of the United States " 'whenever its correct decision depends upon the construction of either' * * * or when 'the title or right set up by the party may be defeated by one construction of the Constitution or law of the United States, or sustained by the opposite construction.' " Little York Gold Washing & Water Co. v. Keyes, 96 U. S. 199, 201, 24 L. Ed. 656; Cohens v. Virginia, 6 Wheat. 379, 5 L. Ed. 257; Osborn v. Bank, 9 Wheat. 822, 6 L. Ed. 204; Patton v. Brady, 184 U. S. 608, 22 S. Ct. 493, 46 L. Ed. 713; Bellaire, Benwood & Wheeling Ferry Co. v. Interstate Bridge Co. (C. C. A. 4th) 40 F.(2d) 323. And a suit which asserts the right on the part of a state to regulate interstate commerce raises a question under the Constitution of the United States; for the exclusive power to regulate such commerce is vested by the Constitution in Congress. Gibbons v. Ogden, 9 Wheat. 1, 6 L.

Ed. 23; Wabash, St. Louis & Pac. Ry. Co. v. Illinois, 118 U. S. 557, 7 S. Ct. 4, 30 L. Ed. 244; Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286.

■■ It is true, as contended by complainants, that to justify the removal of a cause on the ground that it arises under the Constitution, the fact that it so arises must appear upon the face of plaintiff's pleading, and the fact that defendant may rely upon some constitutional provision does not warrant the removal. Great Northern Ry. Co. v. Galbreath Cattle Co., 271 U. S. 99, 46 S. Ct. 439, 70 L. Ed. 854; Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713; Postal Telegraph Cable Co. v. State of Alabama, 155 U. S. 482, 15 S. Ct. 192, 39 L. Ed. 231. We think, however, that the fact that this case involves the right of the state to regulate interstate commerce, and thus presents a question arising under the constitution, clearly appears from the face of plaintiff's pleading. The bill shows that defendant applied for a certificate of convenience and necessity to operate motor buses not only in but "through" the state of South Carolina. The order denying the application, which was attached to the bill as an exhibit, shows that the application of defendant was for a certificate authorizing it to operate buses between the North Carolina-South Carolina line and the South Carolina-Georgia line along a certain designated route. And the conduct of defendant against which injunction is asked is that it is operating motor vehicles for hire within and "through" the state of South Carolina.

Without invoking the rule that pleadings are to be construed most strongly against the pleader, it is clear from the face of the bill that complainants are seeking to restrain commerce which is interstate in character as well as that which is intrastate. There are no cities on the respective state lines which could serve as termini for a bus line on the routes in question; and, when it is alleged that defendant is operating its vehicles for hire "through" the state of South Carolina, the only fair inference is that it is operating them from a state or states on one side to a state or states on the other, for "through" is defined by Webster as meaning "into at one point and out at the opposite, or at another point." There is no question but that defendant is, as a matter of fact, operating in interstate commerce and, for the reasons stated, we think that this fairly appears from the face of the bill.

■ It is contended that the judge below had no jurisdiction to pass upon the case without calling to his assistance two other judges so as to constitute a court of three judges as provided by section 266 of the Judicial Code (28 USCA § 380). That section, however has no application to a case such as this. It applies only where an interlocutory injunction is sought to restrain the action of an officer of the state. Ex parte Public Nat. Bank of New York, 278 U. S. 101, 104, 49 S. Ct. 43, 73 L. Ed. 202; Suncrest Lumber Co. v. N. C. Park Com. (C. C. A. 4th) 29 F.(2d) 823, 824; Henrietta Mills Co. v. Rutherford County (D. C.) 26 F.(2d) 799. Here injunction is not sought against officials of the state, but those officials themselves are seeking the injunction against a private corporation. As we said in the Suncrest Lumber Co. Case, supra, section 266 of the Judicial Code was enacted "because it was thought unseemly that one District Judge should stop the officers of the state in the enforcement of its laws." Here it is the officers of the state who are invoking the jurisdiction of the court to stop the action of a private person.

■ On the merits, the case requires little discussion. As heretofore stated, no question is raised as to any failure of defendant to comply with the tax laws or police regulations of the state. It has complied with all of these. Nor is there any question as to the power of the state to regulate the intrastate business of defendant. It has been granted a certificate to operate buses in intrastate commerce on one of its lines and is not seeking to operate in intrastate commerce on the other. The sole question is whether the state can require defendant to obtain a certificate of public convenience and necessity as a condition of operating its buses in interstate commerce through the state; and this question has been so repeatedly answered in the negative as not to justify further discussion of the principles involved. Interstate Transit Co. v. Lindsey, 51 S. Ct. 380, 75 L. Ed. ——; Sprout v. South Bend, 277 U. S. 163, 48 S. Ct. 502, 72 L. Ed. 833, 62 A. L. R. 45; Hammond v. Schappi Bus Line, 275 U. S. 164, 48 S. Ct. 66, 72 L. Ed. 218; Interstate Busses Corporation v. Holyoke Street Ry. Co., 273 U. S. 45, 47 S. Ct. 298, 71 L. Ed. 530; Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 326, 69 L. Ed. 623, 38 A. L. R. 286; George W. Bush & Sons Co. v. Maloy, 267 U. S. 317, 45 S. Ct. 326, 327, 69 L. Ed. 627. What was said by the Supreme Court in Buck v. Kuykendall, supra, as to the attempted regulation by the state of Oregon of

the operation of buses in interstate commerce, is applicable here: "Its primary purpose is not regulation with a view to safety or to conservation of the highways, but the prohibition of competition. It determines, not the manner of use, but the persons by whom the highways may be used. It prohibits such use to some persons, while permitting it to others for the same purpose and in the same manner. Moreover, it determines whether the prohibition shall be applied by resort, through state officials, to a test which is peculiarly within the province of the federal action—the existence of adequate facilities for conducting interstate-commerce. * * * Thus, the provision of the Washington statute is a regulation, not of the use of its own highways, but of interstate commerce. Its effect upon such commerce is not merely to burden, but to obstruct, it. Such state action is forbidden by the commerce clause."

It is insisted that the injunction should have been granted to restrain defendant from operating its buses in intrastate business; but there is no evidence that it was attempting to operate in intrastate business except on the route as to which the certificate of public necessity and convenience had been granted, and, so far as the record shows, no ground to apprehend that it would attempt to operate in intrastate business elsewhere. Under such circumstances, the injunction was properly denied; for it is elementary that a court of equity will not grant an injunction to restrain one from doing what he is not attempting and does not intend to do.

There was no error, and the decree denying the injunction and dismissing the bill will be affirmed.

Affirmed.