JACOB ARZHEIMER, Jr., TRADING AS PAUL TRANSPOR-
TATION COMPANY, FOR THE USE OF JOHN KAROLY,
GENERAL ADMINISTRATOR AND ADMINISTRATOR
AD PROSEQUENDUM OF JOHN KAROLY, Jr., PLAIN-
TIFF, v. FIREMEN'S FUND INDEMNITY COMPANY, DE-
FENDANT.

Argued August 20, 1934—Decided August 30, 1934.

For the plaintiff, *Frank G. Turner*.

For the defendant, *Mark Townsend, Jr.*

Heard and decided by

CASE, J.   Plaintiff is a resident and citizen of the State
of Pennsylvania.   Defendant is an insurance company in-
corporated under the laws of the State of California with its

offices in the city of San Francisco. The venue is laid in the Middlesex Circuit of the New Jersey Supreme Court. Defendant moves, on the ground of diversity of citizenship, to have the cause transferred to the United States District Court for the District of New Jersey.

Plaintiff resists upon the ground that, because neither party resides in the State of New Jersey, the United States District Court for the District of New Jersey could not have entertained the suit in the first instance and therefore will not receive it now. He relies upon the following provision in the United States Code (A. D. 1926), title 28, section 112 (a), (being section 51, amended, of the Judicial Code), "* * * where the jurisdiction [viz., of the United States District Courts] is founded only on the fact that the action is between citizens of different states, suit can be brought only in the district of the residence of either the plaintiff or the defendant," and upon several District Court decisions, of which *Waterman* v. *Chesapeake and Ohio Railway Co.,* 199 *Fed. Rep.* 667 (*D. C. N. J.* 1912), is the leading case in this federal district. That statutory provision, read independently of its context and of its associated sections, tends to support the plaintiff's argument, as does also the cited case. But the question has been adversely settled by the United States Supreme Court in *Lee* v. *Chesapeake and Ohio Railway Co.* (*Ky.* 1923), 43 *Sup. Ct.* 230; 260 *U. S.* 653; 67 *L. Ed.* 443, wherein Mr. Justice Van Devanter, speaking for the court, says that the statutory excerpt "merely confers a personal privilege on the defendant, which he may assert or waive, at his election * * *" and that *Ex parte Wisner*, 203 *U. S.* 449; 51 *L. Ed.* 264; 27 *Sup. Ct.* 150, is definitely overruled. It was from the last named decision that the line of cases, including the Waterman case, *supra,* supporting the plaintiff's argument was developed. The opinion in the Lee case quotes with approval the following language from *Interior Construction and Improvement Co.* v. *Gibney,* 160 *U. S.* 217; 40 *L. Ed.* 401; 16 *Sup. Ct.* 272:

"The Circuit Courts of the United States are thus vested with general jurisdiction of civil actions, involving the requi-

site pecuniary value, between citizens of different states. Diversity of citizenship is a condition of jurisdiction, and, when that does not appear upon the record, the court, of its own motion, will order the action to be dismissed. But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court over such a cause between such parties, but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon, or may waive, at his election."

See, also, *Great Northern Railway Co.* v. *Galbreath Cattle Co.,* 46 *Sup. Ct.,* 439; 271 *U. S.* 99; 70 *L. Ed.* 854.

Inasmuch as there is diversity of citizenship between the parties and the matter in controversy is of the requisite pecuniary value, the United States District Courts would have had original jurisdiction. Plaintiff, in bringing the action in a state court, laid the venue in Middlesex county within the district of New Jersey. The proper district to which the case should be removed seems, under the federal statute and cases, to be the district where the suit is pending. The fact that neither of the parties is a citizen of New Jersey is not a reason for denial of defendant's motion, and that is the only question presented. The petition and bond will be accepted and this court will proceed no further with the suit.