**C. P. COUGHLAN, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 14064.**

United States Court of Appeals,
Ninth Circuit.

Sept. 21, 1954.

Lamson, Jordan & Walsh, Stanley Walsh, Paul S. Jordan, San Francisco, Cal., for appellant.

Theodore F. Stevens, U. S. Atty., T. N. Gore, George M. Yeager, Asst. U. S. Attys., Fairbanks, Alaska, for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Coughlan appeals from a judgment convicting him of several embezzlements in violation of Section 65–5–61 of the Alaska Compiled Laws, making felonies of such embezzlement. The pertinent sections of the indictment are:

"Count I

"The Grand Jury charges in Count I of this Indictment:

"On the 17th day of December, 1951, in the Fourth Judicial Division and Territory of Alaska, C. P. Coughlan, being then and there employed as attorney at law by Frederic Donhauser, Administrator of the Estate of Raymond Silver, deceased, and entrusted with a Power of Attorney in fact as an incident to such employment, to withdraw and disburse estate funds, feloniously embezzled and converted to his own use the sum of One Thousand (1,-000.00) Dollars, by the said C. P. Coughlan making a check payable to himself and endorsing and cashing

same against said estate funds, in violation of Section 65–5–61 of the Alaska Compiled Laws Annotated, 1949."

Counts II and III charge the same offense at different dates.

### "Count IV

"The Grand Jury charges in Count IV of this Indictment:

"On the 3rd day of October, 1951, in the Fourth Judicial Division and Territory of Alaska, C. P. Coughlan, being then and there employed as attorney at law by Frederic Donhauser, Administrator of the Estate of Raymond Silver, deceased, and as such employee having received for his care and custody a check in the amount of Nine Hundred Fifty (950.00) Dollars, representing the proceeds of a sale of property belonging to the said estate, feloniously presented and cashed said check and converted the monies thereof to his own use, in violation of Section 65–5–61 of the Alaska Compiled Laws Annotated, 1949."

The Government contends that the evidence shows that the administration of Mr. Donhauser was of an estate in probate and that appellant had in fact been employed by Mr. Donhauser as attorney for the estate. Section 65–5–61 provides that such a felonious embezzlement must be by "any officer, agent, clerk, employee, or servant of any private person or persons, copartnership, or incorporation".

Coughlan contends (a) that an estate in probate is not a "private person" within the strict construction of the words "private person or a copartnership"; (b) that the indictment describes him as employed as an attorney at law acting under "a power of attorney in fact as an incident to such employment to withdraw and disburse estate funds" whereas it is admitted that no funds were withdrawn under such power of attorney which was given him; (c) that the court, in effect, amended the indictment by instructing the jury to ignore its charges that he acted under a power of

attorney; (d) that the Alaska law specifically provides in § 65–5–66 for a misdemeanor punishment an embezzlement of an "attorney"; subsection 66 being one of the several laws of the Compiled Laws under the heading of "Embezzlement", Alaska Compiled Laws, page 2232 and that the several embezzlement provisions should be construed together strictly in favor of the accused. So considering them together the contention is that the specific provision for prosecuting Coughlan as an "attorney" under 65–5–66 confines his prosecution to the latter misdemeanor section and does not warrant a prosecution as "agent" under 65–5–61, the felony provision.

A. The four counts of the indictment being specifically confined to the provisions of § 65–5–61, require proof that the embezzlements must be by "any officer, agent, clerk, employee, or servant of any private person or persons, copartnership, or incorporation". The contention that the estate or its court appointed administrator was not a *private* person was raised by Coughlan's objection to the following instruction 1(a), as follows:

1(a) "The jury is instructed that the laws of Alaska provide in substance:

"'That if any * * * employee * * * of any private person * * * shall embezzle or fraudulently convert to his own use, any money * * * which shall have come * * * or be under his care by virtue of such employment, such * * * employee * * * shall be deemed guilty of embezzlement * * *'.

"Mr. Taylor: 'Now we are going to object to the giving of Instruction No. 1(a) upon the grounds that there was no testimony showing that the defendant was an employee of any private person * * *'".
(Tr. pp. 601–602)

▮ It is elementary that these words "private person" of a criminal statute must be strictly construed. United States v. Wiltberger, 5 Wheat. 76, 93, 5 L.Ed. 37. The word "officer"

in 65–5–61 obviously here means the officer of a "corporation" later used in the sentence, not an officer appointed by a court such as an administrator of an estate in probate. On embezzling from such an estate one is not taking funds from a private person. The prosecution did not maintain its burden of proof in this essential respect.

B. The indictment so construed must be deemed to charge the embezzlement as limited to one committed by Coughlan acting under a power of attorney from the administrator. It being admitted that he did not so act, the prosecution again failed to maintain its burden of proof.

C. The court erred in widening the scope of the indictment to all embezzlements, by instructing the jury to consider the indictment without limiting them to an offense done under the power of attorney.

D. The several statutes under Article 5 of the Criminal Code headed "Embezzlement" should be construed together. The heading of the code article reads:

"Embezzlement

§ 65–5–61. Embezzlement by employee or servant.

§ 65–5–62. Embezzlement by bailee: Indictment.

§ 65–5–63. Embezzlement of public money.

§ 65–5–64. —— Verdict: Defense to prosecution.

§ 65–5–65. Embezzlement by trustee.

§ 65–5–66. Embezzlement by banker, broker, etc."

The sixth and last of the sections of Article 5 is the only one of the provisions in which the word "attorney" is used. The crime created is a misdemeanor, not a felony. The pertinent portions are:

"§ 65–5–66. Embezzlement by banker, broker, etc. That if any person, being a banker, broker, merchant, attorney, or agent, and *being intrusted with the property* of another, shall, by any means, with intent to defraud, convert the same, or

any portion thereof, to his own use or benefit * * *."

The words "attorney, or agent" must be construed as referring to an attorney at law, a mere attorney in fact being covered by the word "agent". Construing the six provisions together under such a title we think the offense charged against Coughlan comes under the misdemeanor provisions of § 65–5–66 and not under the "agent" provision of § 65–5–61, creating a felony.

The judgment is reversed and the indictment ordered dismissed.