**Cornelius P. COUGHLAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14726.**

United States Court of Appeals
Ninth Circuit.

Sept. 18, 1956.

Rehearing Denied Oct. 23, 1956.

See also, 225 F.2d 677.

Cornelius P. Coughlan, Fairbanks, Alaska, pro se.

Theodore F. Stevens, U. S. Atty., George M. Yeager, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before HEALY, CHAMBERS, and BARNES, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from an order of the district court disbarring appellant from practice before the territorial courts.

On May 9, 1953, appellant was convicted below of the felony of embezzlement under § 65–5–61, Alaska Compiled Laws. Shortly afterwards an information seeking his disbarment was filed in the same court. This information was dismissed in June of 1953, and on June 25, 1953, the United States Attorney filed an amended disbarment information.

Meanwhile the appellant had appealed from the criminal conviction mentioned above, and on the appeal we reversed and ordered the dismissal of the indictment, 216 F.2d 324, on the ground that the prosecution should have been under the misdemeanor provisions of § 65–5–66, Alaska Compiled Laws.

Subsequently, on December 17, 1954, a second amended information for disbarment was filed below. Shortly thereafter appellant subpenaed the records in the United States Attorney's possession pertaining to the disbarment and gave notice of the taking of the deposition of the

United States Attorney. The subpena and notice were quashed by the court, and appellant was given time to secure counsel. On the disbarment hearing, held several months later, the transcript of the criminal trial was introduced together with documentary and oral evidence showing that appellant had, while attorney for the administrator of the estate of one Raymond Silver, embezzled $3,950 of the estate's monies. Appellant's testimony to the effect that his signature had been forged was found by the court to be false, and appellant was ordered disbarred from practice in the Territory of Alaska.

■ On the appeal here appellant contends that the trial court erred in permitting the filing of the second amended information on the ground that it charged a "new cause of action." However, all that was required in the disbarment proceeding was that appellant have notice of the charges and an opportunity to be heard. Ex parte Wall, 1882, 107 U.S. 265, 271, 2 S.Ct. 569, 27 L.Ed. 552; United States v. Hicks, 9 Cir., 1930, 37 F.2d 289, 292; Note, 1954, 98 L.Ed. 851, 855. Cf. Barnes v. Lyons, 9 Cir., 1911, 187 F. 881; United States ex rel. Taylor v. Clark, D.C.Alaska, 1896, 76 F. 560. The amended information gave ample notice of the charges.

■ It is claimed that the court erred in quashing appellant's subpena and notice of taking deposition. There is merit in the claim only if the Federal Rules of Civil Procedure are applicable to disbarment proceedings. These Rules, however, govern only suits of a civil nature. See Rule 1, Federal Rules of Civil Procedure, 28 U.S.C.A. They contemplate adversary proceedings,[1] and disbarment is not an adversary proceeding.

In the hearing below appellant was given opportunity to present any defense he might have to the charges against him, and nothing further than that is required.

Appellant makes other claims of error. We have examined all of them and find them without merit.

Affirmed.

1. Weston v. City Council of Charleston, 1829, 2 Pet. 449, 464, 7 L.Ed. 481.