**ALASKA BAR ASSOCIATION,**
Complainant,

v.

**M. Ashley DICKERSON, Respondent.**

**Civ. No. A–18–65.**

United States District Court
D. Alaska,
at Anchorage.

April 27, 1965.

M. Ashley Dickerson, Anchorage, Alaska, respondent, in pro. per.

PLUMMER, District Judge.

On or about February 1, 1965, a complaint was filed before the Alaska Bar Association Grievance Committee at Anchorage, Alaska, entitled Alaska Bar Association, Complainant, vs. M. Ashley Dickerson, Respondent, Action No. 65–1.

The complaint alleges certain conduct on the part of respondent in February and March of 1964 which allegedly violated certain rules of the Alaska Bar Association.

On March 23, 1965, respondent filed a petition for removal, bond for removal and notice of removal in this court. Thereafter the matter was brought to the attention of the court. After due consideration it appeared that the proceeding had been removed improvidently and without jurisdiction and that it should be remanded to the Grievance Committee of the Alaska Bar Association.

Instead of remanding as provided by 28 U.S.C.A. § 1447(c), the court afforded respondent a period of eighteen days in which to submit a brief or authorities substantiating her position that a dis-

ciplinary proceeding, such as this, could properly be removed from the Grievance Committee to this court.

Respondent's reply memorandum contained no authority or precedent for such action. It reiterated the assertions made in the petition for removal regarding the unconstitutionality of the state supreme court rules, that she is a Negro whose constitutional and civil rights are being flagrantly violated and other matters which, if true, might properly be asserted or pursued by respondent in appropriate proceedings in a federal court.

■ The test as to whether respondent was entitled to remove the present proceeding from the Grievance Committee to this court is whether the court would have had original jurisdiction of the action. 28 U.S.C.A. § 1441(a); Davis v. Matson Navigation Co., 143 F.Supp. 537 (N.D.Cal.1956).

■ Removability of a case as involving a federal question must be determined from the plaintiff's pleading, rather than from subsequent pleadings or the petition for removal. Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Great Northern Ry. Co. v. Galbreath Cattle Co., 271 U.S. 99, 101, 46 S.Ct. 439, 70 L.Ed. 854 (1926); Stauffer v. Exley, 184 F.2d 962, 967 (9th Cir. 1950).

■ An action does not arise under federal law if a federal question enters only by way of a defense. Adams v. State of California, 176 F.Supp. 456, 459 (N.D. Cal.1959).

■ The complaint before the Grievance Committee clearly discloses that it is simply a disciplinary proceeding wherein it is alleged that respondent's conduct violated certain rules of the Alaska Bar Association. As such it is not a civil action within contemplation of the federal removal statute.

In Coughlan v. United States, 236 F.2d 927, at 928, 16 Alaska 407 (9th Cir. 1956), the court, stated as follows:

"It is claimed that the court erred in quashing appellant's subpena and notice of taking deposition. There is merit in the claim only if the Federal Rules of Civil Procedure are applicable to disbarment proceedings. These Rules, however, govern only suits of a civil nature. See Rule 1, Federal Rules of Civil Procedure, 28 U.S.C.A. They contemplate adversary proceedings, and disbarment is not an adversary proceeding."

In Mitchell v. Greenough, 100 F.2d 184, 185 (9th Cir. 1938), cert. denied 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056 (1938), the court stated:

"We pause here to observe that the right to practice law in the state court has been held by the Supreme Court not to be a privilege granted by the Federal Constitution or laws. Bradwell v. State of Illinois, 16 Wall. 130, 21 L.Ed. 442; Ex parte Lockwood, 154 U.S. 116, 14 S.Ct. 1082, 38 L.Ed. 929. In Green v. Elbert, 8 Cir., 63 F. 308, the Circuit Court of Appeals held that the conspiracy to deprive a lawyer of his right to practice law in the state courts was not a conspiracy to interfere with any right or privilege 'granted, secured or protected by the Constitution of the United States'."

In Niklaus v. Simmons, 196 F.Supp. 691, 714 (D.Nebr.1961), the court citing Mitchell v. Greenough, supra, stated in part as follows:

"It is also persuasively and authoritatively established that admission to and disbarment from the bar of a state are within the prerogatives of such state and, except for the narrow area of direct review, beyond the control of the government of the United States."

For the foregoing reasons the court finds that the proceeding was removed improvidently and without jurisdiction and that the same should be remanded to the Alaska Bar Association Grievance Committee at Anchorage, Alaska.

On March 25, 1965, respondent filed a motion and supporting affidavit for disqualification of judge.

Section 144 of Title 28 U.S.C.A., provides in pertinent part as follows:

"Whenever a party to any proceeding in a district court makes and files a * * * sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, * * *. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

 The only duty of a judge on the filing of an affidavit of prejudice is to pass upon its legal sufficiency, and not upon the truth or falsity of the facts alleged therein. The facts stated in the affidavit must be accepted as true. Willenbring v. United States, 306 F.2d 944 (9th Cir. 1962).

 If the affidavit is sufficient, it is the judge's duty to retire from the case, but if the affidavit is insufficient it is equally his duty to proceed therein. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Simmons v. United States, 302 F.2d 71 (3d Cir. 1962); Johnson v. United States, 35 F.2d 355 (W.D.Wash.1929); Benedict v. Seiberling, 17 F.2d 831 (N.D.Ohio 1926).

 To warrant disqualification of a judge, the affidavit must contain more than mere conclusions on the part of the pleader. Facts must be pleaded which show that there exists personal bias and prejudice on the part of the trial judge. Inland Freight Lines v. United States, 202 F.2d 169 (10th Cir. 1953).

 A sufficient showing by affidavit of *personal* bias or prejudice is required for disqualification of a judge. Lyons v. United States, 325 F.2d 370 (9th Cir. 1963); Willenbring v. United States, supra; Johnson v. United States, supra; Benedict v. Seiberling, supra.

In Price v. Johnston, 125 F.2d 806 (9th Cir. 1942) the court stated in part as follows:

"The statute requires that the bias or prejudice be 'personal.' The allegations of the affidavit, as disclosed by the petition for the writ, do not indicate a 'personal' prejudice or bias against the accused, but charge an impersonal prejudice, and go to the judge's background and associations rather than his appraisal of the defendant personally. This is not enough under the statute, and the affidavit must be here held to have been insufficient under the law. The plain purpose of the statute 'was to afford a method of relief through which a party to a suit may avoid trial before a judge having a personal bias or prejudice against him or in favor of the opposite party. That sought to be relieved against is a personal bias or prejudice—a bias or prejudice possessed by the judge specifically applicable to or directed against suitor making the affidavit or in favor of his opponent.' "

To the same effect, see Eisler v. United States, 83 U.S.App.D.C. 315, 170 F.2d 273 (1948).

 Respondent's motion and affidavit are not accompanied by a certificate of counsel of record. Without this the affidavit is ineffectual to disqualify a judge. In re Union Leader Corporation, 292 F.2d 381 (1st Cir. 1961), cert. denied 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190; Mitchell v. United States, 126 F.2d 550 (10th Cir. 1942); United States v. 16,000 Acres of Land, 49 F.Supp. 645 (D.Kan. 1942).

 Respondent's affidavit is devoid of any factual statement showing or tending to show that the judge has a personal bias or prejudice against respondent or in favor of any adverse party. I find that respondent's affidavit fails to meet the standards required by § 144 of Title 28, U.S.C.A., and that respondent's motion should be denied.

736

On March 25, 1965, respondent also filed a motion for injunction and for a three judge court.

In Wicks v. Southern Pacific Co., 231 F.2d 130, 134–135 (9th Cir. 1956), cert. and petition for mandamus denied, Wicks v. Brotherhood of Maintenance, 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471, the court stated as follows:

"From a reading of the Stratton [Stratton v. St. Louis S. W. R. Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135] and Poresky cases, supra, we are of the opinion that the trial judge sitting alone may initially determine if there is a 'substantial' federal constitutional issue presented by a complaint which seeks an interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress as being repugnant to the United States Constitution. We believe that a single district judge may dismiss a complaint if he decides that a substantial constitutional issue is not raised therein. * * *

"Our view of the four cases cited above by appellants is supported by California Water Service Co. v. City of Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323, a case involving 28 U.S.C.A. § 2282, in which the Supreme Court said: 'We have held that section 266 of the Judicial Code [now 28 U.S.C.A. § 2281], does not apply unless there is a *substantial claim* of the unconstitutionality of a state statute or administrative order as there described. *It is* therefore *the duty of a district judge,* to whom an application for an injunction restraining the enforcement of a state statute or order is made, *to scrutinize the bill of complaint to ascertain whether a substantial federal question is presented, as otherwise the provision for the convening of a court of three judges is not applicable.* Ex parte Buder, 271 U.S. 461, 467, 46 S.Ct. 557, 559, 70 L.Ed. 1036; Ex parte Poresky, 290 U.S. 30, 54

S.Ct. 3, 78 L.Ed. 152. * * *.' (Emphasis supplied.)"

To the same effect, see Morrison v. State of California, 238 F.Supp. 22, 23 (S.D.Cal.1964).

 I find that there is no substantial constitutional question presented requiring the convening of a three judge court and that respondent's motion for injunction and for three judge court should be denied.