**AMERICAN SYNTHETIC RUBBER CORPORATION** and American Rubber and Chemical Company, Plaintiffs,

v.

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant.**

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant and Third-Party Plaintiff,**

v.

**KENTUCKY AND INDIANA TERMINAL RAILROAD COMPANY, Third-Party Defendant.**

Civ. A. No. 5639.

United States District Court
W. D. Kentucky, at Louisville.

Dec. 22, 1967.

As corrected—Jan. 23, 1968.

Order Sept. 17, 1968.

724

Hubert T. Willis and O. Grant Bruton, Louisville, Ky., counsel, for plaintiffs.

Joseph E. Stopher and A. J. Deindoerfer, Eugene W. Herde, Louisville, Ky., counsel for defendants.

Lively M. Wilson, Louisville, Ky., counsel for third party defendants.

MEMORANDUM

BROOKS, Chief Judge.

This case is submitted on plaintiffs' motion to reconsider the order of this Court denying plaintiffs' motion to remand. The action is brought to recover damages which occurred after a railroad carload of the wrong chemical was delivered to the plaintiffs, American Synthetic Rubber Corporation and American Rubber and Chemical Company, and after that chemical was mixed with other raw materials in the plaintiffs' manufacturing process. The action originated in the state court and the defendant, the Louisville and Nashville Railroad Company, an interstate common carrier, removed it contending that the action is one "arising under" the laws of the United States. Title 28 United States Code Sections 1337, 1441(b) and 1445(b). The plaintiffs maintain that the action is one arising under the common law either for a breach of contract or for the negligent transportation of the chemicals. The question of jurisdiction, therefore, centers upon a determination of whether the action arises under the Carmack Amendment to the Interstate Commerce Act. Title 49 United States Code Section 20(11).

The facts for the purpose of this motion are not in dispute. In March, 1966, a number of tank carloads of butadiene, a chemical used in the plaintiffs' manufacturing process, was ordered from the Monsanto Chemical Company. Monsanto, by an agreement with a corporation in Houston, Texas, directed that a carload of butadiene be shipped from the Texas plant to the plaintiffs in Louisville, Kentucky. The defendant, Louisville and Nashville, received the carload of butadiene from another carrier at Memphis, Tennessee. Upon transfer, L & N received certain documents identifying the car as number GATX 84196 containing butadiene. This carload was to be delivered to the Kentucky and Indiana Terminal Railroad Company which had tracks leading to the plain-

tiffs' plant. The L & N did not have tracks servicing the plaintiffs. Instead of transferring the correct carload to the K & I, the L & N transferred a car identified as GATX 84796 loaded with ethylene oxide together with the documents identifying the car as number GATX 84196. When the carload of ethylene oxide arrived accompanied by documents specifying that it contained butadiene, the plaintiff, American Synthetic, unloaded the car into its storage tanks for butadiene of which the joint use was shared by its affiliate, American Rubber and Chemical Company. The mistake was not discovered by the plaintiffs until the ethylene oxide had been mixed with other raw materials and ingredients which resulted in considerable damage to the plaintiffs.

The general rule is that the removability of an action is determined by the plaintiff's pleading. Peyton v. Railway Express Agency, Inc., 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525 (1942). The fact that the complaint in no way purports to rely on any federal law is not determinative of jurisdiction when the facts stated therein clearly show that the gravamen of the action is governed by federal law. Georgia, Florida & Alabama Railway Company v. Blish Milling Company, 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916); Sylgab Steel and Wire Corp. v. Strickland Transportation Company, Inc., 270 F.Supp. 264 (E.D. N.Y.1967). The plaintiffs are not in disagreement with the general rule, but they contend that the gravamen of this action is not within the scope of the Carmack Amendment.

There is little doubt that this action would be controlled by the Carmack Amendment, if the claim was for direct damage or injury to the property transported in interstate commerce. Missouri Pacific R. Co. v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964). The plaintiffs maintain, however, that the Carmack Amendment does not cover actions for the negligence of intermediate carriers resulting in consequential damages which were not the result of loss, damage or delay in the shipment covered by the bill of lading.

Plaintiffs rely primarily on Peter Kiewit Sons' Co. v. Colorado & Southern Ry. Co., 199 F.Supp. 261 (D.C.Colo.1961). In that case the Colorado District Court, in distinguishing a long line of Supreme Court cases dealing with the Carmack Amendment, relied upon two factors: first, that the suit sought recovery of consequential damages rather than damage to the property being shipped, and second, that the defendant was an intermediate carrier rather than an initial or delivering carrier. While it cannot be determined from the record whether L & N is an intermediate or delivering carrier, neither of the factors relied on in Kiewit can be said to be a valid ground for distinction. In Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 20 (1936) which also involved a suit seeking recovery of consequential damages, the Supreme Court held the Carmack Amendment to be applicable saying, "The words of the statute 'are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination.'" p. 29, p. 74 of 57 S.Ct. Furthermore, whenever the Supreme Court has considered the applicability of the Carmack Amendment to suits against an intermediate carrier or a carrier which at the time the suit arose held the same position under the statute as is now held by an intermediate carrier, it has consistently held the liability of such carrier to be that imposed by the statute. Great Northern Railway Company v. Galbreath Cattle Company, 271 U.S. 99, 46 S.Ct. 439, 70 L.Ed. 854 (1926); Missouri, Kansas & Texas Railway Company of Texas v. Ward, 244 U.S. 383, 37 S.Ct. 617, 61 L.Ed. 1213 (1917); Georgia, Florida & Alabama Railway Company v. Blish Milling Company, supra; Adams Express Company v. Croninger, supra. These decisions

were necessary to insure the implementation of the policy behind the enactment of the Carmack Amendment. That policy was to establish uniform responsibility through the issuance of a bill of lading which would govern the entire interstate shipment, and it is necessary that all actions for the breach of the bill of lading contract be governed by one law rather than by the diverse regulations of the various states.

To further support plaintiffs' contention that this action is not one controlled by the statute, they allege that their action is more in the nature of tort since none of the losses sustained were a result of mishandling of or damage to the property covered by their bill of lading contract. A similar argument was advanced in the Pastime Amusement Co. case, supra, but was rejected. As applied to this case the argument fails to consider the fact that the L & N was attempting to fulfill the terms of the contract of delivery when it transferred the carload of ethylene oxide to the K & I. The delivery of the ethylene oxide was not something that just happened unrelated to the contract. L & N intended to deliver the carload of butadiene and the mistaken delivery of ethylene oxide constituted a breach of a duty incurred by contract with the plaintiffs. The action being one for breach of a bill of lading contract and the matter in controversy exceeding $3,000, it must be governed by the terms of the Carmack Amendment.

The order denying plaintiffs' motion to remand is reaffirmed.

### On Motion for Summary Judgment

 This action coming on to be heard on motion of defendant, Louisville and Nashville Railroad Company, for a summary judgment as to the claim of plaintiffs, American Synthetic Rubber Corporation and American Rubber and Chemical Company, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the Court having considered the pleadings, exhibits, and affidavits constituting the record herein, and the Court having heard the arguments of counsel and having considered the authorities cited by counsel, and it appearing to the Court that:

(a) The damages complained of by plaintiffs occurred at or about March 31, 1966;

(b) Section 2(b) of the Uniform Bill of Lading contract relied on by plaintiffs provides that as a condition precedent to recovery, claim must be filed in writing with the receiving or delivering carrier, or carrier issuing said bill of lading, within nine (9) months;

(c) Such limitation provision in said bill of lading is valid and applicable under 49 U.S.C. 20(11);

(d) No claim in writing was ever filed with defendant or any other carrier prior to January 20, 1967;

(e) Plaintiffs have not complied with said condition precedent to recovery in said bill of lading contract relied on by them;

and it further appearing to the Court that there is no genuine issue as to any material fact concerning the affirmative plea of limitations set up in the Second Defense of the answer of defendant filed herein, and that defendant, Louisville and Nashville Railroad Company, is entitled to summary judgment against plaintiffs as a matter of law on that issue, and the Court having determined that there is no just reason for delay, it is accordingly ordered and directed that a final judgment be entered sustaining defendant's motion for summary judgment and dismissing the complaint of plaintiffs, American Synthetic Rubber Corporation and American Rubber and Chemical Company, with prejudice at the cost of the plaintiffs.

Upon motion of the defendant, Louisville and Nashville Railroad Company, and the Court being advised, it is further ordered that the counterclaim of defendant, Louisville and Nashville Railroad Company, against plaintiffs, American Synthetic Rubber Corporation and American Rubber and Chemical Company, be and same is hereby dismissed with-

out prejudice, and that the third-party complaint of defendant, Louisville and Nashville Railroad Company, against third-party defendant, Kentucky and Indiana Terminal Railroad Company, be and same is hereby dismissed without prejudice, and upon motion of third-party defendant, Kentucky and Indiana Terminal Railroad Company, the claim of third-party defendant, Kentucky and Indiana Terminal Railroad Company, against plaintiffs, American Synthetic Rubber Corporation and American Rubber and Chemical Company, be and same is hereby dismissed without prejudice.