UNITED STATES of America,
Plaintiff,

v.

JONAS BROTHERS OF SEATTLE, INC.,
et al., Defendants.

Crim. No. A–86–72.

United States District Court,
D. Alaska.

Jan. 4, 1974.

G. Kent Edwards, U. S. Atty., Anchorage, Alaska, for plaintiff.

Wendell P. Kay, Kay, Miller, Libbey, Kelly, Christie & Fuld, Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

This matter comes before the Court upon the motion of the United States for protective order.

Although defendants have filed a request for oral argument on the motion, the Court declines to set such a hearing for the reason that defendants have failed to comply with the requirements of Rule 5(D)(2), General Rules of the United States District Court for the District of Alaska.

The government's motion seeks to preclude at the trial of this cause three categories of evidence: (1) Evidence pertaining to defendants' alleged ignorance of misunderstanding of Alaskan hunting laws; (2) evidence concerning the alleged ambiguity of Alaskan hunting laws; and (3) evidence that the case is moot because polar bear hunting no longer is permitted.

As to the third category of evidence, no objection to the propriety of the government's motion has been raised

by defendants in their memoranda. Offered evidence on that issue obviously would be immaterial. Accordingly the government's motion is well taken, as to the third category noted above.

The core of the government's motion concerns the first two categories of evidence sought to be precluded at the trial. As to those two, the government contends that criminal intent, including guilty knowledge, is not an element of a federal offense under the Lacey Act, 18 U.S.C.A. § 43(d), since the Alaskan hunting laws are mere regulatory measures which proscribe acts *mala prohibita,* as distinguished from acts *mala in se.* Therefore, asserts the government, any offered evidence on the issue of good faith or ignorance of the Alaskan hunting laws would be immaterial during the course of a prosecution under the Lacey Act. This is true, the government urges, even though the relevant subsection of the Act is couched in terms of "knowingly and willfully."

The defendants contend that even if guilty knowledge of the Alaskan hunting laws were not an element of an offense under State law, guilty knowledge of those laws is a necessary element of an offense under the Lacey Act, since the Lacey Act makes guilty knowledge of those laws an essential element of the federal offense. Accordingly, defendants conclude that evidence of ignorance or misunderstanding of the Alaskan hunting laws, including the alleged ambiguity of those laws, is highly material to their defense.

The major issue presented by the government's motion, then, is whether guilty knowledge of State hunting laws is an element essential to sustain a conviction under the Lacey Act for the taking or transporting of wildlife in violation of State law.

■■ It is generally well settled that ignorance of the law is no excuse. However, if a federal criminal statute establishes knowledge of the law allegedly violated an element of the offense, ignorance of the law arises as a valid defense. The Court's task then is to as-

certain the legislative intent underlying the relevant section of the Lacey Act. In so doing, the court recognizes that criminal statutes must be strictly interpreted. Coughlan v. United States, 216 F.2d 324, 325, 15 Alaska 153 (9th Cir. 1954).

■ At the outset, the express language of the relevant subsection of the Act, 18 U.S.C.A. § 43(d), must be noted:

> Any person who *knowingly* and *willfully* violates any provision of subsection (a) . . . shall, upon conviction, be fined not more than $10,000 or be imprisoned for not more than one year, or both (emphasis added).

On the face of the statute, by means of the words "knowingly and willfully," Congress expressly has indicated a desire that criminal intent of some type be an essential element of that offense. This interpretation of subsection (d) is plausible in view of subsection (c)(1), which imposes a civil fine in the amount of $5,000 for mere knowing violations of the Act. The overall statutory scheme appears to be twofold: the imposition of civil penalties on those persons who violate the Act with knowledge of the facts, as distinguished from knowledge of the law, and the imposition of criminal penalties upon those persons who violate the Act with knowledge of the law, as well as knowledge of the facts. This interpretation of the statute is fully consistent with the legislative history of the Act, as clearly set forth in the Senate Commerce Committee Report, U.S. Code Congressional and Administrative News, p. 1426 (1969):

> A new subsection 43(d) provides that any person who knowingly and willfully violates the provisions of subsections 43(a) or (b) shall, upon conviction, be fined not more than $10,000, imprisoned for not more than 1 year, or both . . . . In establishing a "knowing and willful" violation for the purposes of this subsection, the crucial question should be whether the person [*knows*] *that his action was in violation of the law, but he nevertheless intended to commit it.* The com-

mittee assumes that knowledge of the violation could be established by showing, for example, that the individual had been involved in a similar earlier civil violation of this section, that he had been warned about possible similar violations on an earlier occasion, or that he had been present at an earlier briefing or discussion in which Interior, Treasury, or State officials had explained the provision of the law and the acts which it prohibited (emphasis added).

Although the government disputes the weight to be given a report of a standing legislative committee in assessing legislative intent, the court is assisted by language of a well known treatise:

> The report of the standing committee in each house of the legislature which investigated the desirability of the statute under consideration is a much used source for determining the intent of the legislature when it sets forth the committee's grounds for recommending passage of the proposed bill and, more important, its understanding of the nature and effect of the measure. As to those parts of the bill which the legislature passed without change as introduced by the committee, it is reasonable to assume that the legislature adopted as its intent, the intent of the committee. Although not decisive, the intent of the legislature as revealed by the committee report is highly persuasive. 2A Sutherland, Statutory Construction, § 48.06 (4th Ed.1973).

To engrain a meaning into subsection (d) of the Lacey Act which dispenses with the requirement of guilty knowledge of the Alaskan hunting laws is unsound, in view of the express language of the Act, its overall statutory scheme, and its clear legislative history. It is not the court's function radically to change the weights and balances in the scales of justice by a feat of construction urged by the government to ease the prosecutor's path to conviction. Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

Some of the cases cited by the government are distinguishable in that the federal criminal statute at issue is silent on the requirement of criminal intent. United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922). Other cases involve statutes which contain the words "knowing violations" but these instances do not involve the unequivocal expression of legislative intent found in the case at bar. United States v. Int'l Minerals & Chem. Corp., 402 U.S. 558, 559, 91 S.Ct. 1697, 29 L. Ed.2d 178 (1971). The government's reliance on *International Minerals* would have been justifiable if this proceeding were predicated on subsection (c)(1) of the Act rather than subsection (d).

Therefore, it is ordered:

1. That the motion of the United States for protective order is granted in part and denied in part.

2. That defendants are precluded from offering evidence or arguing in any way that this case is moot since polar bear hunting no longer is permitted.

3. That defendants are not precluded from offering evidence at the trial on the issue of guilty knowledge of Alaskan hunting laws.