ALBUQUERQUE BROADCASTING CO. v. REGENTS OF NEW MEXICO COLLEGE OF AGRICULTURE AND MECHANIC ARTS.

Civil Action No. 902.

District Court, D. New Mexico.

Dec. 7, 1945.

M. C. Mechem and A. T. Hannett, both of Albuquerque, N. M., Carl A. Hatch, of Clovis, N. M., and W. Theodore Pierson, of Washington, D. C., for plaintiff.

C. C. McCulloh, Atty. Gen., and Harry L. Bigbee, Asst. Atty. Gen., for defendant.

NEBLETT, District Judge.

#### Findings of Fact.

1. That plaintiff is the owner and licensee of KOB and defendant is the former owner thereof.

2. That in 1931 when defendant was owner and licensee of KOB it leased the station and its equipment to Journal Publishing Company, under which lease the control of the operation and supervision of most of the programs broadcast by KOB were vested in the unlicensed lessee. The Federal Radio Commission was not at that time notified of the transaction, nor was that Commission's consent to the assignment of the rights under the license obtained as was required by Section 12 of the Radio Act of 1927, 44 Stat. 1167. Subsequently the Communications Act of 1934, 47 U.S.C.A. § 151 et seq., was enacted and the powers of Federal Radio Commission were vested in the Federal Communications Commission. Section 12 of the Radio Act of 1927 was reenacted in all respects here material as Section 310(b) of Communications Act of 1934.

3. That in April, 1935, the lease having been called to the attention of the Federal Communications Commission, the Commission through its secretary directed a letter to counsel for defendant, in which among other things the defendant was advised as follows:

"The law contemplates that the power and control of the licensee over the programs broadcast and all equipment usually

200

incident to the operation of a station must not be limited by contract. * * * The Report shows that there is a serious doubt as to the legality of the entire transaction. The Commission, therefore, will make an investigation of this matter."

About a month later the defendant filed an application for renewal of its license and the Commission designated the same for hearing on October 1, 1935, to determine, among other things, whether defendant, then the licensee, had violated the Communications Act.

4. That the defendant did not have the finances to operate the station, the lessee having sustained an operating loss of approximately $97,000 the previous four years under the lease.

5. That on May 7, 1936, the plaintiff and defendant entered into a contract which provided that defendant would sell the physical assets to plaintiff and assign the license of KOB issued to defendant for $25,000 cash, and the use of the station for one hour per day for educational purposes and programs on a non-cumulative basis. The provisions of this time and the provisions for plaintiff's control of this station were provided by the following last two paragraphs of the contract which are the subject matter of the controversy in the instant suit:

"And as a further consideration for the sale of the property, real and personal herein before described, the party of the second part agrees that it will furnish to the said party of the first part and to such other educational institutions as it may direct, but for educational purposes only and not for commercial or revenue producing purposes, one hour per day broadcasting time for each day the said station shall be operated, the time so allotted not to be cumulative if unused each day or part of day, but said unused time to be forfeited, and said time to be divided as follows: thirty minutes prior to six o'clock P. M. and thirty minutes subesquent to six o'clock, P. M., Mountain Standard Time, the said party of the first part or other institutions to furnish programs at such times in advance of their broadcasting as may be convenient in the operation of said station, said broadcasting time to be furnished to the party of the first part or such other educational institutions as it may direct, free from any cost or expense to it; so long as said Radio Station is operated and maintained by the second party, its successors and assigns, it being understood that the particular time for broadcasting herein provided for shall be selected at the option of the party of the first part, and the first party at its option may have the privilege of furnishing the announcer or broadcaster for such educational programs at its expense, and in the broadcasting by said station the name of the "New Mexico State College at Las Cruces" shall be included in the station announcements.

"It is further understood and agreed between the parties hereto that the party of the second part shall have complete control of said Broadcasting Station KOB, its equipment and operation, including unlimited supervision of programs to be broadcast, and that this sale is made subject to the consent of the Federal Communications Commission."

The last paragraph was required to be a part of the contract under the Commission Rule 103.18 before the Commission would even consider an application for its consent to the assignment of the license.

6. That the Commission's consent to the assignment of the license was sought and obtained, and the contract, copy of which had been attached to the application, was executed, except, of course, the provision for one hour of time per day and reference to defendant in certain station announcements which of necessity remained executory.

7. On June 30, 1945, defendant made the following written demand on plaintiff:

"New Mexico College of Agriculture and Mechanic Arts Office of the President

"State College, New Mexico

"June 30, 1945

"Albuquerque Broadcasting Company "Albuquerque, New Mexico

"Attention Mr. T. M. Pepperday, President "Sirs: The Board of Regents of the New Mexico College of Agriculture and Mechanic Arts hereby makes formal demand

upon you for the following radio time: from 8:30 P.M. to 9 P.M. on Sunday, Tuesday, Wednesday, Friday and Saturday, and from 5:30 P.M. to 5:45 P.M. daily except Sunday, and from 10:00 A.M. to 10:30 A.M. on Sunday, in addition to the time now being used by the college; and requests that you signify your willingness to comply with this request within two weeks from the date hereof.

"Sincerely yours,
(Signed) Frank Light
"Frank Light
"Secretary-Treasurer
"Board of Regents"

8. Plaintiff thereupon filed this complaint for declaratory judgment and asked the Court to declare among other things that plaintiff could not legally accede to the demands of June 30, 1945, and further that defendant was without right under the contract of May 7, 1936, to require plaintiff to accede to the demand.

9. That the depositions of certain members of the defendant Board were taken, including its chairman and secretary-treasurer, from which the Court finds that the demand seeks as a matter of contract right to obtain the use and control of the time specified for the interest of the defendant without regard to the licensee's sole right and sole duty in the interest of the listening public to allocate defendant's programs and all programs as in its sole judgment shall be in the best interest of the listening public. The depositions further show that defendant asserts its right to change its specification of time at its absolute discretion.

10. Plaintiff filed a motion for summary judgment on its complaint and defendant filed a motion to dismiss the complaint for lack of jurisdiction on the grounds that no Federal question was involved, but, if so, it was within the exclusive jurisdiction of the Federal Communications Commission. The motions were considered and argued together with consent of the parties and the Court.

11. The contract attached to plaintiff's complaint, marked Exhibit A, was submitted to the Federal Communications Commission with the application to transfer the license for station KOB to plaintiff, said contract being an Exhibit to the Application for Transfer of License from defendants to plaintiff.

### Conclusions of Law.

I. The Court concludes as a matter of law that the determination of the legality of accession to defendant's demand by plaintiff requires an interpretation and a determination of the effect of the Communications Act of 1934, a law regulating commerce, and does not require the Court to determine any questions that are assigned by the law to the reasonable discretion of the Federal Communications Commission.

II. The Commission has no discretion under the Act to approve, condone, or make lawful the unlawful conduct of any person. A Federal question is involved to determine the plaintiff's accession to the demand. The Court has jurisdiction thereof under Section 24, Subsection (8) of Judicial Code, 28 U.S.C.A. § 41(8). Administrative discretion of the Commission is not invaded by the Court's decision in this case.

III. The Commission does not have the power or authority under the Act to command the presence of the defendant, obtain complete jurisdiction over the parties hereto, and the subject matter hereof and enter a final order binding upon both parties to this controversy.

IV. The Court concludes as a matter of law that having properly taken jurisdiction over one issue of this case, this Court has jurisdiction to determine and settle all issues.

V. The Court concludes as a matter of law that the motion of defendant to dismiss for lack of jurisdiction will be overruled.

VI. The Court concludes as a matter of law that there is no controversy in this case as to defendant's right to use one hour's time daily over Radio Station KOB, 30 minutes before 6 P.M. and 30 minutes after 6 P.M., provided the programs broadcast in the judgment of the licensee are in the interest of the listening public.

VII. The Court concludes as a matter of law that radio frequencies are in the public domain and must be employed by

the licensee thereof in the interest of the listening public.

■ VIII. The Court concludes as a matter of law that if plaintiff should accede to the demand of the defendant that certain periods of time specified by defendant be set aside for the use and control of defendant without regard to the interest of the listening public, it would obstruct and hinder plaintiff to perform the duty imposed on plaintiff by Sections 301, 308, 309, 310 (b) of the Communications Act of 1934 and the license issued to plaintiff pursuant thereto to choose, select and schedule programs for broadcast over KOB that, in the judgment of plaintiff, are in the interest of the listening public.

IX. The Court concludes as a matter of law that plaintiff cannot lawfully accede to defendant's demand of June 30, 1945.

X. The Court concludes as a matter of law that the contract of May 7, 1936, when read as a whole is ambiguous with respect to defendant's right of selection of time.

XI. The Court concludes as a matter of law that the next to the last paragraph provides that "particular time for broadcasting" the defendant's program "shall be selected at the option of the defendant, yet the exercise of plaintiff of "complete control of said broadcasting station KOB, its equipment and operation, including unlimited supervision of programs to be broadcast," is provided in the last paragraph; that without the last paragraph the parties under the Commission Rule 103.18 could not have received the consideration of the Commission of their joint application for the Commission's consent to the assignment of license, and the whole transaction could never lawfully have been consummated.

■ XII. The Court concludes as a matter of law that the contract must be liberally construed in favor of the public.

■ XIII. The Court concludes as a matter of law that where the contract is ambiguous if by reason thereof it is subject to two constructions, and one of which the contract would be lawful and the other unlawful, the former should be adopted.

■ XIV. The Court concludes as a matter of law that in view of the last paragraph of the contract and the circumstances prior to and contemporaneous with its integration, the parties clearly intended that the provisions of law requiring complete control of operations and unlimited supervision of programs by plaintiff be a part of the contract. The contract of May 7, 1936, therefore does not require plaintiff to delegate to, or divide with, defendant plaintiff's duty under the law to exercise its best judgment in choosing, selecting, and scheduling programs that are in the interest of the listening public. Plaintiff's performance of this legal duty to choose, select, and schedule programs in the interest of the listening public is subject to review by the Federal Communications Commission in a proper proceeding under Sections 309 or 312 of Federal Communications Commission Act and defendant can always invoke the administrative discretion of that agency if it is of the opinion that the plaintiff is not broadcasting the defendant's programs that are in the interest of the listening public.

XV. The Court concludes as a matter of law that plaintiff's motion for summary judgment on the relief requested in its complaint disposes of Count 2 of the cross-complaint filed by the defendant.