**The CRISPIN COMPANY, Plaintiff,**

v.

**LYKES BROS. STEAMSHIP CO., Inc., Defendant.**

**Civ. A. No. 7284.**

United States District Court
S. D. Texas, Houston Division.
March 28, 1955.

------

T. G. Schirmeyer and Ernest S. Fellbaum, Houston, Tex., for plaintiff.

Royston & Rayzor (John R. Brown), Houston, Tex., for defendant.

CONNALLY, District Judge.

This is an action to recover for damage to a shipment of Belgian burlap which the defendant transported by one of its vessels from Antwerp to Houston. There is diversity of citizenship between the parties, but the amount in controversy is less than $3,000. The action was filed in the State Court and removed by the defendant. In removing, it was the defendant's contention that the action was one arising under an Act of Congress regulating commerce, namely, the Carriage of Goods by Sea Act, 46 U.S. C.A. § 1300; and, as such, was one of which the District Courts of the United States have original jurisdiction under § 1337 of Title 28, U.S.C.A.; and being a case of which the District Courts have original jurisdiction, was removable under § 1441 of Title 28, U.S.C.A., irrespective of the amount in controversy.

The plaintiff failed to file a motion to remand, but when the action was called for trial on the merits, called the attention of the Court for the first time to the plaintiff's contention that the action had been improperly removed and that the Court lacked jurisdiction. The case was heard on the merits, with ruling on the jurisdictional question being withheld pending preparation of briefs.

In a memorandum filed herein December 29, 1954, this Court indicated its opinion that the action was not removable, and ordered it remanded to the State Court. Counsel for the defendant has filed a vigorous motion for reconsideration. The questions involved have been ably and exhaustively briefed by both parties. On more mature consideration, and in the light of a number of authorities not previously cited, I am of the opinion that I was in error in ordering the case remanded, and that the removal was proper. My reasons for reaching this conclusion are set out briefly below.

To support removal, it must appear (1) that the Carriage of Goods by Sea Act is, in fact, an Act of Congress "regulating commerce" and (2) that plaintiff's action is one "arising under" such act. If so, original jurisdiction would lie under § 1337. This being established, the action then is removable at the instance of the defendant under § 1441(a), absent an express provision of an Act of Congress to the contrary. In my opinion, each of these requirements is present under the facts of the instant case. I have pause in the matter only by reason of the complete want of direct authority either in support or denial of removability under these circumstances.

It cannot be doubted that the Carriage of Goods by Sea Act is an Act of Congress regulating commerce between this and other nations. Its terms fix and control the rights and duties of the carrier toward the shipper and

his cargo "from the time when the goods are loaded on to the time when they are discharged from the ship." § 1301(e). "Every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions" of the Carriage of Goods by Sea Act, § 1300. The act affords the same kind and character of regulation and control to the carriage of goods by sea in foreign commerce as is afforded to interstate carriage by rail, pipe line, etc., under terms of the Interstate Commerce Act, § 1 et seq., Title 49, U.S.C.A.; to carriage by motor carrier under terms of Part II of the Interstate Commerce Act, § 301 et seq., Title 49, U.S.C.A.; to carriage by air under terms of the Civil Aeronautics Act, § 401 et seq., Title 49, U.S.C.A. Each of these statutes has been held to be regulatory of commerce within terms of § 1337.[1]

■■ Similarly, the cause of action asserted by plaintiff "arises under" the act. The allegations are to the effect that the burlap was delivered to the defendant at Antwerp for common carriage to Houston via the S.S. Zoella Lykes; that a bill of lading was issued therefor, whereby defendant agreed to redeliver the goods in Houston in the same good order and condition as when received; that on redelivery of the burlap in Houston, the goods were found to be damaged, and not in the same good order as when delivered. Plaintiff asks damages for the difference in value. The petition contains no mention of, or reference to, the Carriage of Goods by Sea Act. In separate paragraphs, allegations are made of breach of contract (Paragraph II) and of negligent handling of the cargo (Paragraph IV). But the only

duty which the defendant owes plaintiff springs from the shipper—carrier relation; and despite the careful omission of any reference to the statute, and whether the complaint sound in tort or in contract, the obligations, responsibilities, and liabilities which result from the shipper—carrier relation, are circumscribed by terms of the statute. When facts are alleged which bring the statute into play, a specific reference to it is unnecessary and immaterial. Great Northern Ry. v. Galbreath Co., 271 U.S. 99, 46 S.Ct. 439, 70 L.Ed. 854; McGoon v. Northern Pac. Ry., D.C., 204 F. 998, and cases there cited.

It being held that a claim for damage to a shipment of goods by Railway Express "arises under" the Carmack Amendment, Peyton v. Railway Express Agency, Inc., 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525; that a claim for damage to a baggage shipment by air common carrier "arises under" the Civil Aeronautics Act, Lichten v. Eastern Air Lines, D.C., 87 F.Supp. 691, affirmed 2 Cir., 189 F.2d 939, it follows that the instant action "arises under" the Carriage of Goods by Sea Act, in that the petition "discloses a present controversy dependent for its outcome upon the construction of a federal statute." Peyton v. Railway Express Agency, Inc., supra [316 U.S. 350, 62 S.Ct. 1173].

■ Opposing jurisdiction here, the plaintiff makes two arguments. First, plaintiff denies the applicability of § 1337 at all, and contends that "commerce", as used there, means only interstate commerce, and that foreign commerce is excluded. The Congress is empowered by Article I, Section VIII, of the Constitution "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes", and I am aware of no reason why the unqualified

1. Erie Railway Co. v. Local 1286, etc., D.C., 117 F.Supp. 157, and cases there cited; Lichten v. Eastern Air Lines, D.C., 87 F.Supp. 691, affirmed 2 Cir., 189 F.2d 939, 25 A.L.R.2d 1337, and cases there cited; for similar holding as to other statutes, see Albuquerque Broadcasting Co. v. Regents, etc., D.C., 70 F.Supp. 198, as to Federal Communications Act, 47 U.S.C.A. § 151 et seq.; Johnson v. Butler Bros., 162 F.2d 87, 172 A.L.R. 1157, as to Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.; Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092, as to Agricultural Adjustment Act, 7 U.S.C.A. § 1281 et seq.

term "commerce" should not be held to include the full sweep of congressional power in that field.

Characterizing his action as one for breach of a maritime contract of affreightment, plaintiff argues further that it is governed by general maritime or admiralty law principles. As such, admittedly the action would lie here if filed in admiralty, § 1333, but as it is not one in rem, the admiralty jurisdiction is not exclusive.[2] Under the "saving to suitors" clause of § 1333, plaintiff contends that resort may be had to the common law remedies available in the State Court. To this extent, I am in substantial agreement with plaintiff's view. However, the argument goes further, to the effect that with the concurrent jurisdiction of the State Court being established, the action may be removed only where diversity of citizenship and the jurisdictional amount in controversy be present. I am unable to agree with this conclusion. The "saving to suitors" clause has long been construed to afford litigants a choice of remedies, not of forums. The Moses Taylor, 4 Wall. 411, 18 L.Ed. 397; Wunderlich v. Netherlands Insurance Co., D.C., 125 F.Supp. 877, and cases there cited.

Where the same common law remedies are available here on the law docket, there is no basis for holding the State Court jurisdiction to be exclusive. This is tacitly admitted by plaintiff's concession that the action would be removable here had the jurisdictional amount been in controversy. I see no reason for affording greater emphasis to diversity as a basis for removal than to the other provisions of the removal statutes.

There being no Act of Congress expressly limiting or qualifying the right of removal in actions of this character,[3] it follows that the action was properly removed, and this Court vested with jurisdiction at the time of the hearing on the merits. It was there determined that the facts did not warrant a recovery in plaintiff's favor, hence judgment will go for the defendant.

The memorandum of December 29, 1954, is withdrawn, the motion to reconsider the order remanding the case to the State Court is granted, and the motion to remand is denied. Counsel for the defendant will present order to this effect, decree upon the merits, and suggested Findings of Fact and Conclusions of Law, within ten days.

Clerk will notify counsel.

---

2. See Knapp, Stout & Co. Company v. McCaffrey, 177 U.S. 638, 20 S.Ct. 824, 44 L.Ed. 921; Rounds v. Cloverport Foundry, etc., 237 U.S. 303, 35 S.Ct. 596, 59 L.Ed. 966.

3. As § 1445 of Title 28 limits or qualifies the right of removal in F.E.L.A. [45 U.S. C.A. § 51 et seq.] cases and Carmack Amendment cases.