Bernard G. JESONIS, Appellant,

v.

OLIVER J. OLSON AND CO., Appellee.

No. 14610.

United States Court of Appeals
Ninth Circuit.

July 16, 1956.

Herbert Resner, Los Angeles, Cal., for appellant.

Brobeck, Phleger & Harrison, J. Stewart Harrison, Alan B. Aldwell, San Francisco, Cal., for appellee.

Before HEALY, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Plaintiff in this cause is a seaman of the American Merchant Marine. He claimed to have been injured aboard the steam schooner Mary Olson, while she was at a dock at Longview, Washington, loading lumber into her number 4 hold on June 24, 1953. The action was brought under the Jones Act[1] and was tried before a jury, which returned a verdict for defendant.

1. Act of June 5, 1920, c. 250, § 33, 41 Stat. 1007, 46 U.S.C.A. § 688.

Plaintiff claimed he was descending the steel ladder at the forward end of number 4 hatch when he fell into the lower hold. He contended his fall was caused by the fact that several rungs of the ladder which he was descending were bent out of shape and were covered with grease and oil. The demand for damages was on account of loss of wages, permanent partial disability and pain and suffering.

The chief complaint of plaintiff is that the court withdrew the second cause of action containing charges of unseaworthiness from the jury and decided these issues adversely to him.[2]

The fundamental error in this contention is that plaintiff postulates that he was entitled to a jury trial upon the issue of unseaworthiness. Traditionally, a complaint on account of injuries caused by unseaworthiness is addressed to the court sitting in admiralty. This was the position taken by the trial court as to this issue, which was acquiesced in by counsel for plaintiff, as we shall see hereafter. If this charge had been initiated alone and not in conjunction with other charges, it would properly have been triable on the admiralty side and plaintiff would not have been entitled to a jury trial thereon. In this case, there was no diversity of citizenship, so this count relating to unseaworthiness was not within the jurisdiction of the court unless it were sitting in admiralty. The only possible shade which the objection of plaintiff casts is that the trial court took the case under submission as to the issue of unseaworthiness upon the record which was made before a jury as to all the charges. There is no substance to this complaint, but, if there were, plaintiff cannot pres-

ently take advantage of such an error to which he consented.

The answer to this contention lies in the action of counsel for plaintiff in submitting the second and third counts to the court without the intervention of the jury. The court received this submission and, with the consent of counsel, decided the admiralty phase of the matter after the jury had returned. At the outset of the trial, the court had announced that any evidence which plaintiff wished to introduce bearing only on the second and third causes of action was reserved for the consideration of the court without the jury. Counsel for plaintiff acquiesced in this determination. After the jury had retired for deliberation on the first count, the court called attention to this previous reservation of the evidence upon these two causes of action. Counsel for plaintiff then conceded that no facts had been proved sufficient to sustain the third cause of action. As to the second cause of action, counsel for plaintiff said:

"On the unseaworthiness count, I submit the case to the court on the record as made in court."

As soon as the jury returned a verdict adverse to plaintiff on the first count, the court announced a finding unfavorable to plaintiff on the second count and subsequently entered findings of fact and conclusions of law adverse to plaintiff. Admiralty Rule 46½, 28 U.S.C.A.

The right of jury trial, wherever guaranteed by the Federal Constitution or given by Act of Congress, is one which should not be taken from a litigant simply for some formal error or neglect. But it has always been held that such a right can be waived in a civil case. Here counsel expressly consented to the sub-

---

2. Defendant filed a motion to dismiss the second and third causes of action, or, in the alternate, "to transfer the entire complaint to the admiralty docket where jurisdiction properly lies under the General Maritime law and the Jones Act." The trial court, within its discretion, ruled at the start of the trial that the civil action under the Jones Act and the admiralty suits concerning particularly "seaworthiness" would be tried to the jury and to the court, respectively, at the same time and upon the same evidence, reserving the taking of evidence relevant only to the admiralty matters until after the jury had retired. Jordine v. Walling, 3 Cir., 185 F.2d 662, 671. Plaintiff took no exception to this ruling.

mission of the second cause based upon unseaworthiness to the court sitting in admiralty.[3]

■ Upon a careful review of the record, we do not find that the jury verdict on the first count or the findings of the court on the second count was against the weight of the evidence.

■ Plaintiff complains that, as to the instructions submitting the cause to the jury on the first count, errors were made in the instructions given and refused. The court instructed that plaintiff, "in the absence of negligence on the part of the employer, assumed the ordinary risks of his employment as seaman." This instruction, standing alone, is technically inexact, but, in the context in which it stands in a case confined to the Jones Act, it was not harmful. The court in this connection gave an instruction requested by plaintiff striking out a portion to the effect that the Jones Act "abolished various common law defenses formerly available to an employer in a case such as this. Thus [the plaintiff] does not assume any of the risks or hazards of his employment." This theoretical discussion is misleading and was properly stricken. The charge in whole as given by the court was correct in these particulars and adequately propounded the law to the jury.

■ The instruction that the employer was not liable for an "unavoidable accident" was correct. The employer is not an insurer. The supposed formula instructions are not abstract statements, but were clearly relevant to the situation. The court carefully covered the questions of negligence and contributory negligence and was not bound to give the instructions requested in the language in which plaintiff drew them.

The judgment is affirmed.

3. We therefore do not reach the question whether plaintiff could pursue the unseaworthiness claim as a "civil action * * under the Constitution, laws * * * of the United States," 28 U.S.C.A. § 1331, requiring a jury, if demanded, but not diversity of citizenship. Cf. Modin v. Mat-

son Navigation Co., 9 Cir., 128 F.2d 194, 196; Doucette v. Vincent, 1 Cir., 194 F.2d 834, 843; Jansson v. Swedish American Line, 1 Cir., 185 F.2d 212, 217–218, 30 A.L.R.2d 1385; Jordine v. Walling, 3 Cir., 185 F.2d 662, 667–668, 671.