James J. DAVIS, Libelant,

v.

MATSON NAVIGATION COMPANY, a corporation, Respondent.

No. 27201.

United States District Court
N. D. California, S. D.

Aug. 3, 1956.

Carroll, Davis & Burdick, San Francisco, Cal., for libelant.

Brobeck, Phleger & Harrison, San Francisco, Cal., for respondent.

OLIVER J. CARTER, District Judge.

Libelant is a longshoreman who brought suit in a state court for damages while working on board a vessel owned and operated by respondent. The suit filed in the state court was a complaint *in personam* in two counts, one based upon negligence and the other upon the unseaworthiness of the vessel. The defendant in the state action removed the case to the admiralty side of this Court, on the ground that the portions of the complaint dealing with unseaworthiness raise an issue within the admiralty jurisdiction of this Court, and

that therefore the case is removable under 28 U.S.C.A. § 1441(a) which provides in part:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States * * *."

■■ Libelant moves to remand, contending that the case is not removable. It should be noted that this action is not brought under the Jones Act, 46 U.S.C.A. § 688, because the libelant was not employed by the respondent, and the Jones Act provides for suit by an injured seaman against his employer only. Shelton v. Seas Shipping Co., D.C.E.D.Pa., 75 F.Supp. 195. If the libelant had been able to bring himself within the terms of the Jones Act, his case would not have been removable regardless of whether the complaint contained a count based on common law negligence. Nickerson v. American Dredging Co., D.C.N.J., 129 F.Supp. 602.

■ Libelant cites cases holding that a suit invoking general maritime law is not removable under 28 U.S.C.A. § 1441 (b), as "a claim or right arising under the Constitution, treaties or laws of the United States * * *." But this overlooks the 1948 revision of Section 1441 in which subsection (a) was added, thereby broadening the right to removal. Under the section as revised, the primary test of removability is whether the Federal court would have had original jurisdiction of the action. See Nyberg v. Montgomery Ward & Co., D.C.W.D.Mich., 123 F.Supp. 599, 602–603, where the court said:

"The test as to whether the defendant was entitled to remove the present civil action from the State court to this Federal district court, is whether this court would have had original jurisdiction of the action. 28 U.S.C.A. § 1441(a)."

The interpretation of Section 1441 found in the Nyberg case has been followed in several cases decided since the 1948 revision of Section 1441 which deal with the removability of cases arising under the Fair Labor Standards Act: Korell v. Bymart, Inc., D.C.E.D.N.Y., 101 F.Supp. 185, followed in Asher v. William L. Crow Const. Co., D.C.S.D.N.Y., 118 F.Supp. 495. See also Buckles v. Morristown Kayo Co., D.C.E.D.Tenn., 132 F.Supp. 555. No published decision has been found dealing with the removability, under the revised Section 1441, of suits based on general maritime law; but there is nothing in Section 1441 to indicate that maritime suits should receive different treatment from suits involving other areas of Federal jurisdiction.

■■ It is well settled that this Court has concurrent jurisdiction with the courts of the state, over suits *in personam* based on general maritime law, such as the case at bar. Madruga v. Superior Court, 346 U.S. 556, 74 S.Ct. 298, 98 L.Ed. 290. Libelant argues that the "saving to suitors" clause of 28 U.S.C.A. § 1333 is an express provision barring removability of maritime suits; that section provides in material part:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

This argument was rejected, however, in Crispin Co. v. Lykes Bros. Steamship Co., D.C.S.D.Tex., 134 F.Supp. 704, 707, where the court said:

"The 'saving to suitors' clause has long been construed to afford litigants a choice of remedies, not of forums. [Citations omitted.]"

See also Wunderlich v. Netherlands Insurance Co., D.C.S.D.N.Y., 125 F.Supp. 877. The Crispin case also supports the interpretation of Section 1441(a) adopted here; the court said (paraphrasing, 134 F.Supp. at page 705):

"[Original jurisdiction of the district court] being established, the action then is removable at the instance of the defendant under § 1441 (a), absent an express provision of an Act of Congress to the contrary."

█ Since this Court has original jurisdiction of the subject of this action, and since no Act of Congress expressly prohibits removal, libelant's motion to remand is denied.

It is ordered that the motion of libelant to remand the within action to the Superior Court of the State of California be, and the same is hereby denied.