Rosella Grace ERIKSEN and Hilda Marie Eriksen, Libelants,

v.

MOORE MILL & LUMBER CO., a corporation, Respondent.

Civ. No. 9248.

United States District Court
D. Oregon.

Jan. 13, 1958.

---

1. See i. e., Richardson ex rel. Farnum v. Collins, Sup.Ct.1949, 90 N.Y.S.2d 583.

Peterson, Pozzi & Lent, Portland, Or., for libelants.

Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, Or., for respondent.

SOLOMON, District Judge.

Plaintiffs, the widow and minor daughter of a longshoreman who was killed while loading lumber on a barge at Bandon, Oregon, filed an action for damages for his death against the owner of the lumber. The action was filed under the provisions of the Oregon Employers' Liability Act, ORS 654.305 et seq. Plaintiffs and defendant are all citizens of Oregon.

The defendant removed this case to the admiralty side of this court, claiming that the case is removable under the provisions of 28 U.S.C. § 1441(a) as an admiralty case in which the federal district courts have original jurisdiction by virtue of 28 U.S.C. § 1333. It relies primarily on Davis v. Matson Navigation Co., D.C.Cal.1956, 143 F.Supp. 537.

Plaintiffs have moved to remand. They contend that the case is not removable under § 1441(a) because the "saving-to-suitors" clause of § 1333 is an express congressional prohibition against removal. For this contention, they rely primarily on Hill v. United Fruit Co., D.C.Cal.1957, 149 F.Supp. 470. They also contend that the case fails to meet the tests of § 1441(b) in that it does not arise under the Constitution, treaties or laws of the United States and has a defendant who is a citizen of Oregon.

28 U.S.C. § 1441 provides, in pertinent part:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Some courts have held that a case is removable if it qualifies for original federal jurisdiction. These courts rely on § 1441(a) and usually do not consider the effect of § 1441(b). E. g. Davis v. Matson Navigation Co., D.C.Cal.1956, 143 F.Supp. 537; Crispin v. Lykes Bros. Steamship Co., D.C.Tex.1955, 134 F.Supp. 704; Nyberg v. Montgomery Ward & Co., D.C.Mich.1954, 123 F.Supp. 599.

Other courts have held that §§ 1441(a) and 1441(b) must be read together, and that a case must qualify for removal under both paragraphs or be remanded. Irvin Jacobs & Co. v. Levin, D.C.Ohio 1949, 86 F.Supp. 850, affirmed on opinion below 6 Cir., 1950, 180 F.2d 356; Monroe v. United Carbon Co., 5 Cir., 1952, 196 F.2d 455; Chevrier v. Metropolitan Opera Ass'n, D.C.N.Y.1953, 113 F.Supp. 109.

I agree with the latter cases. The revisor's notes accompanying § 1441 state

that the "[s]ection consolidates removal provisions of sections 71 and 114 of Title 28, U.S.C., 1940 ed., and is intended to resolve ambiguities and conflicts of decisions." The notes point out that certain pre-existing grounds for removal such as prejudice or local influence and the separable controversy were omitted from the new section. The overall effect was to restrict rather than to enlarge federal removal jurisdiction, and I find that such was the intent of Congress. Cf. American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 10, 71 S.Ct. 534, 95 L.Ed. 702.

Under 28 U.S.C. § 71 (U.S.C.1940 ed.), the former provision, there was no general right to remove any civil case over which the federal district courts had original jurisdiction. Cases arising under the Constitution, treaties or laws of the United States were removable without restriction as to citizenship of the parties, but other cases were removable only if certain citizenship requirements were met. This restriction is preserved in § 1441(b). If removal is permitted under the broad rule in § 1441(a), the restriction would be lost, with the result that federal removal jurisdiction would be substantially broadened. This result is not mentioned in the revisor's notes and is in conflict with the apparent Congressional intent to narrow such jurisdiction.

Another objection to treating § 1441 (a) as an independent basis for removal is that such interpretation would render § 1441(b) a nullity. § 1441(b) purports to impose a citizenship restriction on removal of certain cases which are removable without such restriction under the terms of § 1441(a); if removability were to be determined by § 1441(a) alone, that restriction would be given no effect.[1] By the same token, the provision in § 1441(a) against removal where expressly prohibited by Congress would be lost in some cases if § 1441(b) were to be regarded as an independent basis of removal.[2]

This case fails to qualify for removal under §§ 1441(a) and (b) construed together because it does not meet the test of § 1441(b).[3] The defendant is a citizen of the state in which the action was brought and therefore under § 1441 (b) the case may not be removed unless it arises under the Constitution, treaties or laws of the United States.

The question whether a case under the general maritime law is one arising under the Constitution, treaties or laws of the United States so as to qualify for federal jurisdiction on the law side of the court under 28 U.S.C. § 1331 was considered and answered in the negative in the leading case of Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662, after a care-

---

1. Example: An action which involves more than $3,000 is brought in a state court by a non-resident plaintiff against a local citizen. It could not have been removed under the former provision, 28 U.S.C. § 71 (1940 ed.). Martin v. Snyder, 1893, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602. The case complies with § 1441(a) in that the federal district courts have original jurisdiction and there is no congressional prohibition against removal. However, it could not be removed if §§ 1441(a) and (b) are construed together, because § 1441(b) prohibits removal if there is a defendant who is a citizen of the state in which the action is brought.

2. Example: An action is brought in state court under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. State

courts have concurrent jurisdiction with federal courts in such cases. 45 U.S.C.A. § 56. There is an express congressional prohibition against removal of such a case. 28 U.S.C. § 1445(a). The case would be removable under § 1441(b) read alone, since it arises under the laws of the United States and the federal district courts have original jurisdiction. It is not removable if §§ 1441(a) and (b) were read together, since § 1441(a) denies removability where there is an express congressional prohibition against removal.

3. It is therefore unnecessary to decide whether the saving-to-suitors clause of 28 U.S.C. § 1333 is an express congressional prohibition against removal to the admiralty side of the federal court within the meaning of § 1441(a).

ful and extensive review of the authorities. This view prevails among the circuits which have considered the question. Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615; Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 1951, 191 F.2d 82; contra: Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834. The court of appeals for this circuit apparently follows the majority view. Modin v. Matson Nav. Co., 9 Cir., 1942, 128 F.2d 194; Jesonis v. Oliver J. Olson & Co., 9 Cir., 1956, 238 F.2d 307.[4]

The case is remanded to the Circuit Court of the State of Oregon for the County of Multnomah.

---

4. In any event, the present case might not qualify under § 1331 since it is based on a state statute rather than on the general maritime law. See Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 843 note 7.