Aaron CARTER, to his own use and to the use of St. Paul Mercury Insurance Company, a body corporate,

v.

BALTIMORE & OHIO RAILROAD COMPANY, a body corporate.

Civ. A. No. 10809.

United States District Court
D. Maryland,
Civil Division.

Sept. 26, 1958.

Amos I. Meyers, Baltimore, Md., for plaintiff.

308

John S. Stanley, J. Sarsfield Sweeny, Hershey, Donaldson, Williams & Stanley, Baltimore, Md., for defendant.

CHESNUT, District Judge

The defendant has filed a motion to dismiss the above entitled case. The substantial question involved is whether the plaintiff is entitled to demand a jury trial.

Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part: "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate. Any party may demand a trial by jury of any issue triable of right by a jury by serving on the other parties a demand therefor in writing at any time after the commencement of the action * * *." The 7th Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

The complaint alleges that the plaintiff, a stevedore employed by a stevedoring company, was working in the hold of a ship, on navigable water, moored to a dock of the defendant Railroad while employees of the defendant were engaged in transferring cargo from the dock into the hold of the ship by means of a crane owned and operated by the defendant; and that while the plaintiff was so engaged he was struck and injured by an object caused to fall on him by the negligent construction or operation of the defendant's crane. The typewritten complaint prepared by counsel for the plaintiff and filed with the clerk designates the case as a "civil action", and annexed to the complaint is an express demand by the plaintiff for a jury trial. The ground of the defendant's motion to dismiss is that as the complaint does not allege diversity of citizenship, this court does not have jurisdiction of the action

at law but only in admiralty, and therefore the plaintiff does not have a right to a jury trial as demanded and insisted upon by counsel for the plaintiff at the hearing. The complaint does not state any cause of action against the ship or the defendant as a shipowner (as for instance for wages or maintenance and cure), and it is not filed by the plaintiff as a seaman under the Jones Act, 46 U.S.C.A. § 688.

■ There is no question that this court does have jurisdiction over the case which is alleged to be a maritime tort on navigable water. The plaintiff was not employed by the defendant but has received compensation from his employer's insurer under the Longshoremen's and Harbor Workers' Act, 33 U.S. C.A. § 901 et seq., which permits him to bring suit against an alleged negligent third person.

28 U.S.C.A. § 1331 gives jurisdiction to this district court in cases arising under the Constitution, Laws and Treaties of the United States "irrespective of diversity of citizenship" where the amount in controversy, as here (*now* by recent amendment) exceeds $10,000. Section 1332 also confers the jurisdiction of all civil actions of requisite amount where there is diversity. But as diversity is not alleged in the complaint (and I understand from counsel does not exist) there is no such jurisdiction here. 28 U.S.C.A. § 1333 provides "the district courts shall have original jurisdiction exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled".

The plaintiff's contention is that jurisdiction in this case arises under section 1331; while the defendant's contention is that there is no jurisdiction under section 1331 but only under section 1333, because the right to recovery for the type of maritime tort described in the complaint does not arise under the Constitution, Laws or Treaties of the United States but only under the general maritime law, the jurisdiction

of which is given by section 1333, and therefore in this case the plaintiff is not entitled of right to a jury trial either under rule 38 or the 7th Amendment, both of which relate to the trial of cases at common law and not to cases where the jurisdiction is in admiralty, where there has historically been no right to demand a jury trial except in some special cases as under the Jones Act where the plaintiff's right is based upon a particular federal statute, or when arising on the Great Lakes. 28 U.S.C.A. § 1873.

The particular question thus presented has arisen only recently, and the plaintiff's contention is, so far as I have noted, supported by only one judicial decision in the First Circuit. Doucette v. Vincent, 1952, 194 F.2d 834.[1] It had, however, been previously considered and rejected in the Third Circuit in the case of Jordine v. Walling, 185 F.2d 662, in a full opinion by Circuit Judge Maris in 1950; and was subsequently considered and rejected in an extended opinion in the Second Circuit in 1955, by Circuit Judge Medina. Paduano v. Yamashita Kisen Kabushiki Kaisha, 221 F.2d 615. The point had also been considered and decided adversely to the plaintiff's contention in the Seventh Circuit in 1951 in the case of Mullen v. Fitz Simmons & Connell Dredge & Dock Co., 191 F.2d 82; and in the Ninth Circuit in Modin v. Matson Nav. Co.,

1942, 128 F.2d 194. See also the very recent case of Jesonis v. Oliver J. Olson & Co., 9 Cir., 1956, 238 F.2d 307, and Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 2 Cir., 1956, 234 F.2d 253. Apparently the point has not been specifically heretofore decided in the Fourth Circuit but I note that District Judge Hoffman in the Eastern District of Virginia has recently decided, in a removal case, contrary to the opinion of the First Circuit, Meikle v. Leeds Shipping Co., D.C.1957, 152 F.Supp. 206. The great weight of federal authority is thus contrary to the plaintiff's contention in this case. Two later cases, one decided by the Circuit Court of Appeals for the First Circuit, and another in the District Court of Massachusetts, would seem to indicate that the application of the Doucette case may not be extended to somewhat different situations. Turner v. Wilson Line, 1 Cir., 1957, 242 F.2d 414, and particularly the extended discussion by Judge Wyzanski in Jenkins v. Roderick, D.C.1957, 156 F.Supp. 299, as to the absence of jury trials in admiralty and the effect of contributory negligence in admiralty which is not necessarily a bar to recovery, when compared with actions at common law, where it is. See Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (as to the effect of contributory negligence in admiralty), and see also generally Benedict on Admiralty, 6th Ed. Vol. 4, 1957 Supp. p. 46, and Gilmore & Black,

---

1. In that case the court upheld a jury verdict for damages by a seaman against a shipowner for maintenance and cure, although there was no diversity of citizenship. The gist of the opinion seems to be that although the suit was not based on an Act of Congress, as for instance the Jones Act, nevertheless it could be held within the language of 28 U.S.C.A. § 1331 as arising under the Constitution, because admiralty law had by judicial decisions become a part of the national law of the United States. Some reliance was also placed upon the now well known case of Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 874, 90 L.Ed. 1099, where, in upholding a suit by a stevedore against a shipowner, the Supreme Court said

at the outset of the case that "It is now well settled that a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court". But it does not appear from the several opinions in that case whether or not there was diversity of citizenship and I do not find that the particular point now involved in the instant case was there considered in either the District Court or the Circuit Court or in the opinion of the Supreme Court. It also appears that while a jury was originally impanelled in the case, it was discharged when counsel agreed upon the amount of damage and the decision on liability was made by the trial judge and not by a jury.

Law of Admiralty (1957), §§ 1–13, p. 33, note 118; §§ 6–62, p. 385; 66 Har. Law Rev. 315 (1952).

As the opinions in these several cases so fully discuss the jurisdictional question presented, I think it unnecessary to extend this opinion further by review of the statutory provisions except to say that I am in accord with the reasoning of Judge Maris and Judge Medina in the Third and Second Circuits, which is in accordance with the applicable law as I have long understood it. American Ins. Co. v. Canter, 1828, 1 Pet. 511, 7 L.Ed. 242 (opinion by Chief Justice Marshall); Rose on Fed. Juris. & Proced. Chap. VIII, 225–50; Dobie Fed. Proc. § 71, pp. 241–4, § 60, pp. 169–172.

I will, however, add a comment based particularly on historical consideration. In 1789 when the Federal Constitution was adopted, many of its founders were well acquainted with the judicial systems which then existed in England and had been developed over a period of several centuries theretofore. There were mainly three categories of law applied in judicial adjudication, the common law, equity and admiralty. The common law as administered in the Law Courts of the King's Bench, Common Pleas and Exchecquer at Westminster Hall dates back to shortly after Magna Carta (1215); while equity as a separate branch of law administered by the Chancellor and Deputies originated somewhat later. One great difference between law and equity was that in general there was a right to a jury trial at law but seldom,

if at all, in equity. The third category, that of admiralty, only slowly was brought under the authority of the Law Courts. In earlier times it had been administered in a separate court of admiralty. The tribunal did not include the use of juries although I think it is well known that even after the Law Courts absorbed the admiralty jurisdiction the presiding judge was usually assisted by two experienced nautical men called assessors and selected from among the "Elder Brethren of Trinity House".[2] Thus we find in Art. III, § 2 of the Federal Constitution that in defining the extent of the federal judicial power, express recognition was made of these three judicial systems, and when Congress passed the first Judiciary Act of 1789 it implemented the Constitution by providing for the jurisdiction of the federal courts in cases both of law and of equity and separately of admiralty. With respect to the latter, in Section 9 the phrase used in giving the district court exclusive jurisdiction in admiralty was "The district courts shall have * * exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction * * *; saving to suitors, in all cases, the right to a common law remedy, where the common law is competent to give it; * * * ". 1 Stat. 77. (Federal Courts have no general common-law jurisdiction, Rose, Fed.Juris. & Proc. § 38).[3]

This distinction between cases at law, in equity and admiralty, has been continuously and consistently adhered to

2. See Inter. Maritime Dict. 6th Ed. 1958, 797–8; Marsden's Collisions at Sea, 7th Ed.1919, 274–5; The long strife between the old Admiralty Court and the Courts of Westminster Hall, as a result of which the admiralty jurisdiction was finally taken over by the law courts, is told at length in 4 Benedict, Ch. LXII, p. 375, et seq.

3. In Maryland there was an established Court of Admiralty after the State Constitution of 1776, and until the admiralty jurisdiction was made exclusive in the district courts of the United States in 1789. A Maryland statute passed in 1781 provided that the procedure should

be "as usual" as in admiralty but that if either party demanded a jury on any material controverted fact, a jury was to be summoned. See Md.Const.1776, § LVI and Laws of 1781, Ch. XXIX; McSherry, History of Maryland, 1634–1848, Ch. 10, p. 218. I understand from Judge Emory H. Niles, Chief Judge of the Supreme Bench of Baltimore City, that some of the early records of the Maryland Court of Admiralty were many years ago transferred to the custody of the Clerk of the Superior Court of Baltimore City, and I believe they have been recently sent to the Hall of Records in Annapolis for safe preservation.

in the field of federal law; and similarly in the rules of procedure respectively applicable, with the important exception that under the Act of Congress of 1934 the rules for procedure for law and equity were combined in 1938; but, as is well known, there has been a separate set of rules for admiralty for many years past.

More particularly in point in the instant case is the right to a jury trial. As already noted, this right is constitutionally preserved in common-law cases. It is recognized by rule 38 of civil procedure; but it is equally clear that it is not demandable of right in federal law in equity and has never, so far as I know, been demandable in admiralty cases where indeed the rules in admiralty make no provision for jury trials. Benedict on Admiralty, Vol. 2, §§ 224-5, pp. 32-3. And I know of no case in this court in many years past where the plaintiff has been entitled to demand a jury trial in a case of exclusive admiralty jurisdiction, where there is no diversity of citizenship. I am aware that in admiralty cases arising on the Great Lakes there is provision for a jury trial in some cases, 28 U.S.C.A. § 1873, and I will assume that Congress has the power if deemed wise and appropriate, to provide for a jury trial in cases where the court has no jurisdiction other than in admiralty under 28 U.S.C.A. § 1333. I assume also that if the plaintiff wishes he may have a jury trial if he files his suit in the state court, in accordance with the "saving clause" above mentioned in the original Judiciary Act and now abbreviated in 28 U.S.C.A. § 1333. The question presented is, of course, not one to be determined by the mere discretion or individual preference of the trial judge; but must be considered with regard to the rights of the parties including the defendant. Where a special body of admiralty law and procedure has been developed over many years which has not included the right of trial by jury, it is, I think, undesirable to change the long established and well understood procedure merely by judicial decision rather than by legislative change.

For these reasons I conclude that the motion to dismiss must be and it is hereby *granted,* but with leave to the plaintiff to amend his complaint by striking out the designation of "civil action" and substituting therefor the phrase "in admiralty", and by striking out the demand for a jury trial.