

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 16, 1965

Hon. Charles F. Herring, Chairman
Jurisprudence Committee
State Senate
Austin, Texas

Opinion No. C-404

Re: Constitutionality of Senate
Bill 189, which authorizes
Television Translator Systems.

Dear Mr. Herring:

You have requested an opinion concerning the constitutionality of Senate Bill 189, which authorizes Television Translator Systems. Your request refers specifically to the following:

"... The bill in effect provides that a system may be established to amplify and re-broadcast commercial television signals and further provides that any individual, group of individuals, partnership or corporation that voluntarily receives on a television receiver any signal transmitted by the system is automatically a member of the system, and the governing board of the system is given the authority to provide for a monthly fee to be paid by all members and such fee shall constitute a debt.

"There has been a question raised that to make members of the public, without their consent, liable for a fee would violate the constitution. Under the operation of the system as proposed, anyone who had a set that would pick up the signal would, without their consent and without their agreement, become a member of the system and liable for whatever charges are imposed."

Subdivision (C) of Section 1 of the proposed bill defines "Members," to-wit:

"(C) 'Members' means any individual, group of individuals, partnership or corporation, either profit or non-profit, that voluntarily receives

-1911-

and displays on a television receiver any
signal transmitted by the System.  Members
may, depending upon the organization of the
System have a right to participate in the
operation of the System."

Subdivision (D) of Section 2 authorizes the collection of a
fee from said "Members," to-wit:

"(D) The Governing Body of each System
may, in addition to any other rules and regu-
lations established by it, provide for the pay-
ment to the System of a monthly fee by all mem-
bers of the System, to be used by the System to
provide for maintenance and operation of the Sys-
tem.  When such a fee is established it shall
constitute a debt by the member to the System
and shall be collectible by the System as pro-
vided by law.  In addition to collection of the
debt, the System may enjoin any member from re-
ceiving the signals of the System if the member
is in default in the payment of the fee."

Radio frequencies, as a matter of law, are in the
public domain.  Albuquerque Broadcasting Co. v. Regents of
New Mexico A&M, 70 F.Supp. 198, affirmed 158 F.2d 900 (1947).
Radio communication includes television.  Allen B. Dumont
Laboratories v. Carroll, 184 F.2d 153, cert.den. 340 U.S.
929 (1951).  The public domain consists of that which is either
not copyrighted, not copyrightable or on which the copyright
has expired.  Sears, Roebuck & Co. v. Stiffel Co., 376 U.S.
225 (1964).

The Constitution of the United States states that
only the creators of an original work are entitled to the
protection of a copyright.  Article I, Section 8, Clause 8,
states:

"To promote the Progress of Science and
Useful Arts, by securing for limited Times to
Authors and Inventors the exclusive Right to
their respective Writings and Discoveries."

Section 8 of Title 17, United States Code Annotated
states as follows:

"No copyright shall subsist in the original
text of any work which is in the public domain,
. . ."

The Supreme Court of the United States has recently ruled as follows:

"Today we have held in <u>Sears, Roebuck &</u> <u>Co. v. Stiffel Co.</u>, 376 U.S. 225, 84 S.Ct. 784, that when an article is unprotected by a patent or a copyright, <u>state law may not forbid others</u> <u>to copy that article.</u>  To forbid copying would interfere with the federal policy, found in Art. I, § 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copy laws leave in the public domain." <u>Compco</u> <u>Corp. v. Day-Brite Lighting, Inc.</u>, 376 U.S. 234, rehearing denied 377 U.S. 913 (1964). (Emphasis added).

Senate Bill 189 creates a new protectible interest in an area where the only protectible interest is the federal law pertaining to copyrights.  Said Bill would allow Television Translator Systems to freely intercept the public domain. i.e., television frequencies, and then in turn treat them as if they were a vested property right of said Systems.  Under the afore-mentioned provisos of this Bill, the Systems are empowered to unilaterally set and charge a fee to anyone who exercises his right of access to the public domain.

In <u>Cable Vision, Inc. v. KUTV, Inc.</u>, 335 F.2d 348, rehearing denied, appeal pending (1964), involving the interception of one television station's programs by a community antenna cable system, the court held:

"In <u>Compco</u>, the court emphasized that the federal policy found in Art. I, § 8, Cl. 8 of the Constitution and in the implementing federal statutes is to allow '. . . free access to copy whatever the federal patent and copyright laws leave in the public domain.' 376 U.S. at 237, 84 S.Ct. at 782.  The public domain was broadly delineated in <u>Sears</u>:  that which is either not copyrighted, not copyrightable or on which the copyright has expired is in the public domain. 376 U.S. at 231, 84 S.Ct. 784.  See also Flamingo Telefilm Sales, Inc. v. United Artists Corp., 32 U.S. L. Week 2579 (May 12, 1964).  Thus when an article is unprotected by a patent or copyright, <u>state law may not forbid a person not the</u> <u>originator to merely copy</u> and commercially exploit that article, <u>for such a law would en-</u> <u>able the originator to accomplish with the left</u>

hand of state authority what he was unable to accomplish with the right hand bearing the authority of the primary federal interest. . . . No state intrusion of the federal field is permissible unless the law of the state meshes in purpose and effect with the announced objectives of federal copyright law.

" . . .

"Applying Sears and Compco's composite thesis to the case at hand, we view it as dispositive of appellees' two grounds for relief. Save for the limited protection accorded the creation of literary and intellectual works under the copyright Act or its exceptions--and here appellees concede they are not asserting a claim for copyright infringement--anyone may freely and with impunity avail himself of such works to any extent he may desire and for any purpose whatever subject only to the qualification that he does not steal good will, or, perhaps more accurately stated, deceive others in thinking the creations represent his own work." (Emphasis added).

Senate Bill 189 clearly does not "mesh in purpose and effect with the announced objectives of federal copyright law." It interferes with, and seeks to regulate the right of free access to the public domain. Therefore, said Bill is unconstitutional as it constitutes an infringement upon and interference with the supreme law of the land, to-wit:

"Pursuant to this Constitutional authority, Congress in 1790 enacted the first federal patent and copyright law, 1 Stat. 109, and ever since that time has fixed the conditions upon which patents and copyrights shall be granted, see 17 U.S.C. §§ 1-216; 35 U.S.C. §§ 1-293. These laws, like other laws of the United States enacted pursuant to constitutional authority, are the supreme law of the land. See Sperry v. Florida, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963). When state law touches upon the area of these federal statutes, it is 'familiar doctrine' that the federal policy 'may not be set at naught, or its benefits denied' by the state law. Sola Elec. Co. v. Jefferson Elec. Co., 317 U.S. 172, 173, 176, 63 S.Ct. 172, 173, 87 L.Ed. 165 (1942). This is true, of course, even if the state law is enacted in the exercise of otherwise undoubted state power." Sears, Roebuck & Co. v. Stiffel Co., supra. (Emphasis added).

Senate Bill 189 is seemingly untenable on various other grounds, but since it is in opposition to the supreme law of the land, it is not necessary to discuss said other grounds.

## SUMMARY

Senate Bill 189 is unconstitutional as it constitutes an interference with the supreme law of the land. Said Bill on its face attempts to regulate the free access to television frequencies which constitute a part of the public domain.

Yours very truly,

WAGGONER CARR
Attorney General

By  *Roy B. Johnson*

Roy B. Johnson
Assistant

RBJ:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Frank Booth
J. C. Davis
John Banks

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone